James LaROQUE, Individually and d/b/a B & L Construction Co., Appellant,

v.

Sophia SANCHEZ, et al., Appellees.

No. 7093.

Court of Appeals of Texas, El Paso.

July 28, 1982.

Rehearing Denied Aug. 25, 1982.

Shafer, Gilliland, Davis, McCollum & Ashley, Inc., Odessa, for appellant.

Warren E. Burnett, Odessa, for appellees.

## OPINION

WARD, Justice.

The Appellees in this case recovered judgment for personal injuries based upon a theory of negligent entrustment of a vehicle by the Appellant to an employee whom it was claimed had no driver's license. We reverse and remand.

James LaRoque, a welder in Odessa, hired Tom Adair to work for his partnership, B & L Construction Co., as a backhoe operator in August, 1978. About three weeks later when work was slow, Mr. LaRoque decided to have Mr. Adair replace a motor in a pickup before he terminated his employment. Mr. Adair did this mechanical work for several days and planned to finish the job on Friday afternoon, September 22, 1978. As he was leaving about 3:00 p.m. to go fishing for the weekend, Mr. LaRoque was asked by Mr. Adair if he should test drive the vehicle that afternoon when the work was completed. Mr. LaRoque replied, "[y]es, you can take it around the block." Mr. LaRoque paid Mr. Adair for his final day's work and then left for the weekend.

On Monday morning Mr. LaRoque noticed that the pickup was missing, and that evening he learned that Tom Adair had been involved in an accident with another vehicle near Ft. Stockton on Sunday afternoon. Mr. Adair had no authority to drive the pickup to Ft. Stockton on Sunday, and his only authority was to drive around the block on Friday afternoon when the installation of the new engine was completed. He was not an employee of B & L Construction Co. on Sunday, and the company had no work being performed in Pecos County where the accident occurred.

Prior to his authorizing Mr. Adair to road test the vehicle, Mr. LaRoque never ascertained if Mr. Adair had a driver's license. On direct examination Mr. LaRoque testified:

Q. All right. Now, did you ever discuss with Tom Adair the question of whether he had a driver's license?

A. No.

Q. To this day do you know whether or not he had a driver's license?

A. No.

Q. When you met him and talked with him at the unemployment office, did you learn that he was from out of state?

A. Yes.

Q. Well, if he did not have a driver's license, did you ever learn that he did not have a driver's license?

A. No.

On cross-examination he said:

Q. You never so much as made any inquiry of this man as to whether he was licensed to operate any kind of a vehicle—

A. No, I didn't.

Q. —before you entrusted him to road test this one ton pickup truck?

A. No, I didn't.

\* \* \* \* \* \*

Q. All right. At the time you entrusted it to him to get on the public streets and with you leaving and leaving nobody there at home, you knew that he didn't have a Texas driver's license, didn't you?

A. I knew he did not have a—I was reasonably sure he did not have a Texas driver's license.

\* \* \* \* \* \*

Q. The only reason that you didn't ask him before you entrusted him to road test the vehicle for a driver's license is you just didn't think about it?

A. That's right.

Mr. Adair was not a party and did not testify. Counsel for Appellees offered in evidence, over objections, copies of an information and judgment from the county court of Pecos County in which Tom Adair was charged with and found guilty, upon a plea of guilty, of driving while intoxicated. Also received in evidence, over objection, were copies of an information and judgment in justice court in which Tom Adair was charged with and found guilty, upon his plea of guilty, of "no operator's license" and also an information and judgment in a separate case for the offense of "drove on wrong side of road—not passing."

■ By his first six points of error, Appellant asserts he was entitled to have judgment entered for him because Mr. Adair had no authority or permission to be driving the pickup at the time and place of the accident. It is argued that the accident happened fifty hours later and eighty miles away from the occasion when the pickup was to have been driven around the block. While deviation may be an important issue in a course and scope of employment case, i.e., *Coronado v. Employers' National Insurance Company,* 596 S.W.2d 502 (Tex.1979), and *Southwest Dairy Products Co. v. De Frates,* 132 Tex. 556, 125 S.W.2d 282 (Tex. Comm'n Appeals 1939), it is not material in a case based upon negligent entrustment. *Spratling v. Butler,* 150 Tex. 369, 240 S.W.2d 1016 (1951); *Frontier Theatre v. Whisenant,* 291 S.W.2d 395 (Tex.Civ.App.— El Paso 1956, no writ). Those cases are cited in the Law Review note "The Doctrine of Negligent Entrustment in Texas," 20 S.W.L.J. 202 at 203 (1966), where the author

states " * * * if all other elements are proved, the fact that at the time of the collision the driver had deviated from the scope of the bailment, agency, or designated route is no defense to the owner's liability." Points of Error Nos. One through Six are overruled.

Points eight and ten attack the failure of the trial court to submit an issue to the jury inquiring as to whether Tom Adair had a driver's license. Under the holding in *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587 (1948), it was necessary for Appellees to establish: (1) that LaRoque permitted Adair to drive the pickup; (2) that at such time Adair did not have a driver's license; (3) that LaRoque actually knew he did not have such license; or if he did not have such knowledge, (4) that LaRoque was in fact negligent in permitting Adair to drive the pickup without ascertaining whether he had a driver's license; (5) that Adair, while in possession under such permission drove the pickup negligently; and (6) that such negligence on Adair's part caused the collision and injuries and damages to the Appellant.

The only liability issue submitted to the jury inquired:

Do you find from a preponderance of the evidence that when Defendant permitted Tom Adair to drive the vehicle, the Defendant by using ordinary care would have known that Tom Adair had no driver's license?

The jury answered, "[w]e do." Appellant objected to the trial court's failure to inquire whether Adair had a license at the time of the entrustment of the vehicle to him, and he objected to Special Issue No. 1 because it assumed that Adair did not have a driver's license.

This being an essential element of Appellees' cause of action, it was required to be submitted to the jury unless the issue was established as a matter of law. Certainly, the testimony of Mr. LaRoque does not show conclusively that Adair had no license on September 22, 1978. One who never inquires about a matter of which he has no knowledge cannot testify conclusive-

ly on that issue. And even if he was "reasonably sure he did not have a Texas driver's license," that is not so conclusive as to establish the issue as a matter of law. This is particularly true when one recognizes he never made any inquiry about the issue and so testified when first asked by counsel for Appellees.

The next question is whether Exhibit Seven, if admissible, which showed a plea of guilty and conviction to a charge of "no driver's license" on the 24th day of September, is conclusive proof that Adair had no driver's license on September 22, 1978, when the vehicle was entrusted to him. We conclude that it is not. The fact that he may not have had a license on the 24th may be some evidence that he didn't have a license two days earlier, but it is not so conclusive as to make it a matter of law.

In addition, and again assuming that the exhibit was admissible, it did not conclusively establish that Adair was charged with and convicted of the offense of driving a vehicle without a license having been issued to him in violation of Article 6687b, Section 2, Tex.Rev.Civ.Stat. It could have really meant that he was charged with and convicted of operating a vehicle without a license in his immediate possession in violation of Article 6687b, Section 13, Tex.Rev. Civ.Stat. If the latter was the case, the theory of negligent entrustment would hardly apply as the driver could still have complied with the requirements of minimum competence and skill by actually having the driver's license issued to him. *See:* Article 6687b, Section 2. Therefore, the trial court could not assume, as it did in Special Issue No. 1, that Adair had no driver's license when Mr. LaRoque gave him permission to drive, and that essential element of Appellees' case has not been established by a proper jury finding. The issue should have been submitted to the jury. *See:* Texas Pattern Jury Charges, Vol. 1, P.J.C. 9.01 (1969). We sustain Points of Error Nos. Eight and Ten.

At this time, we now turn to Appellant's Point of Error No. Twenty-four which con-

tends the trial court erred in overruling its objections to the exhibits which showed Adair's pleas of guilty and convictions on the criminal charges arising out of his accident. Appellant asserts these exhibits are all hearsay as to him and that they come within no exception to the rule. In *Isaacs v. Plains Transport Company,* 367 S.W.2d 152 (Tex.1963), the court held that proof of a plea of guilty to a criminal charge may be admissible in a suit against the person so charged as an admission, but that it is not admissible against his employer.

Appellees' reliance on the case of *Carrick v. Hedrick,* 351 S.W.2d 659 (Tex. Civ.App.—Amarillo 1961, no writ), is misplaced. There, the testimony and records regarding the plea of guilty and conviction were admissible as they pertained to the plaintiff in the negligence action then being tried. Here, Tom Adair was not a party and his pleas and convictions were in no way binding on the present appellant. The pleas and · convictions would be relevant only to Adair's liability and could not affect Appellant's liability. The Appellant had the right to have the issues of Adair's no driver's license and his negligence tried on the evidence of the transactions involved and without regard to Adair's pleas of guilty and convictions. The rule in Texas is that in a personal injury action against an employer of an alleged wrongdoer, inculpatory statements or admissions of the employee not part of the res gestae of the tort are not binding on the employer unless authorized, adopted or otherwise ratified. That rule has been applied to the plea of guilty of the employee where the employer is sued. *See: Greenberg v. Mobil Oil Corporation,* 318 F.Supp. 1025 at 1032 (N.D. Tex.1970). We apply the same rule to this negligent entrustment action. We sustain Point of Error No. Twenty-four.

The Appellant's other points have been considered and are overruled. The judgment of the trial court is reversed and the case is remanded for a new trial.