David GREEN, Appellant,

v.

RANSOR, INC., Appellee.

No. 2–04–211–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 29, 2005.

---

Packard, Hood, Bednarz, Johnson & Ivy, L.L.P., Vance Edward Ivy, Amarillo, TX, for appellant.

J. Kevin Carey, Justin Brown, Fort Worth, TX, for appellee.

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### I. Introduction

Appellant David Green appeals from a summary judgment in favor of appellee Ransor, Inc. In one issue, appellant argues that the trial court erred by granting appellee's motion for summary judgment because appellee's employee was in the course and scope of his employment when the accident occurred. We affirm in part and reverse and remand in part.

### II. Background Facts

Appellee is a tower service company based in Schertz, Texas. In August 2002, appellee sent four of its employees to do a job in Clarendon, Texas. While there, one of appellee's employees, Kerry Kittrell, was involved in an automobile accident with appellant. Kittrell, who was driving one of appellee's trucks at the time of the accident, was charged with driving while intoxicated. Appellant sued appellee, alleging that appellee was vicariously liable for Kittrell's negligence under the doctrine of respondeat superior. Appellant also sued appellee for negligent entrustment and negligent supervision. Appellee filed a motion for summary judgment, arguing that Kittrell was not in the course and scope of his employment at the time of the accident. Appellee also argued that Kittrell did not have permission to drive the truck at the time of the accident and did not have permission to drive the truck while drinking alcohol. The trial court granted appellee's motion for summary judgment.

### III. Summary Judgment

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *S.W. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *S.W. Elec. Power Co.,* 73 S.W.3d at 215; *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Elliott–Williams Co. v. Diaz,* 9 S.W.3d 801, 803 (Tex.1999). The defendant as movant must present summary judgment evidence that negates an element of the plaintiff's claim. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Id.*

## A. Respondeat Superior

■ Under the doctrine of respondeat superior, an employer is responsible for the negligence of an employee acting within the course and scope of his employment, even though the employer has not personally committed a wrong. *Baptist Mem'l Hosp. Sys. v. Sampson,* 969 S.W.2d 945, 947 (Tex.1998); *Arbelaez v. Just Brakes Corp.,* 149 S.W.3d 717, 720 (Tex.App.-Austin 2004, no pet.). To prove that an employee acted within the course and scope of employment, a plaintiff must show that the act was (1) within the general authority given to the employee, (2) in furtherance of the employer's business, and (3) for the accomplishment of the object for which the employee was employed. *Arbelaez,* 149 S.W.3d at 720. Appellee argues that Kittrell was not acting in furtherance of appellee's business at the time of the accident. We agree.

■ Appellant argues that a presumption arose that Kittrell was acting within the course and scope of his employment because Kittrell was an employee driving a company vehicle at the time of the accident. *See Salmon v. Hinojosa,* 538 S.W.2d 22, 23 (Tex.Civ.App.-San Antonio 1976, no writ). But such a presumption is not evidence but rather a rule of procedure or an administrative assumption that is overcome when positive evidence to the contrary is introduced. *Longoria v. Texaco, Inc.,* 649 S.W.2d 332, 334 (Tex.App.-Corpus Christi 1983, no writ). Thus, we must determine whether appellee presented summary judgment evidence sufficient to overcome the presumption and prove its entitlement to summary judgment.

In support of its motion, appellee presented the following evidence. The accident occurred around 9:30 p.m., and the report filed by the officer investigating the accident showed that Kittrell was charged with driving while intoxicated—although he refused to give any specimen for testing—and failure to stop and render aid. According to the affidavit of Randy Sorrell, the president of appellee, the accident occurred "while ... Kittrell was intoxicated and after he had left a bar where he had ingested various alcoholic beverages," and although Kittrell had permission to use the vehicle at the time of the accident "for the limited purpose of conducting the business of" appellee, he did not have permission "to drive to or from a bar." Appellee also provided deposition testimony of its vice president, who stated that Kittrell "wasn't supposed to be taking the vehicle out drinking.... Our company rules state that you go to work and you come back, and you go to the motel and go to sleep and get up and go to work." Appellee further presented as summary judgment evidence a copy of its Employee Safety Manual, which provides that "operating company vehicles after the consumption of alcoholic beverages is strictly prohibited." The manual also provides that employees are compensated for travel time "from the office to the job site, from job

site to job site, or to and from suppliers for material and equipment delivery," but not "from the hotel, home, or campground to the office or job site." The manual further states that a company vehicle may be used for certain limited personal purposes after working hours, such as driving to a restaurant for meals or driving to a movie, but emphasizes that this limited permission is given only "*so long as it [the activity] does not involve the consumption of alcoholic beverages.*"

In opposing the motion for summary judgment, appellant argued that evidence of intoxication and violation of a company policy, standing alone, do not establish that an employee acted outside the course and scope of employment. *See Hooper v. Pitney Bowes, Inc.*, 895 S.W.2d 773, 777 (Tex. App.-Texarkana 1995, writ denied) ("The fact that an employee does an act that is unauthorized or that would not be approved by his employer does not mean that the employee was outside the scope of his employment. The employer is liable for the act of his employee, even if the specific act is unauthorized or contrary to express orders, so long as the act is done while the employee is acting within his general authority and for the benefit of the employer."); *G. & H. Equip. Co. v. Alexander*, 533 S.W.2d 872, 876–77 (Tex.Civ. App.-Fort Worth 1976, no writ) (quoting 57 C.J.S. *Master and Servant* § 570 for the proposition that " '[w]here an act inflicting an injury on a third person is committed by a servant acting *within the scope of his authority*, the fact that the servant ... was intoxicated at the time of inflicting the injury complained of does not exonerate the master from liability.' " (emphasis added)). He also argued that the "sole reason" appellee contended that Kittrell was not acting in the course and scope of his employment at the time of the accident was that Kittrell "allegedly violated

company policy when he drove the company vehicle after consuming alcohol."

We hold that the summary judgment evidence was sufficient to overcome the presumption that Kittrell was acting within the course and scope of his employment at the time of the accident and to meet appellee's summary judgment burden of proving as a matter of law that Kittrell was not acting within the course and scope of his employment with appellee when the accident occurred. Appellee's uncontroverted evidence shows that not only did Kittrell violate company policy by driving the company truck while intoxicated, he also did not have the general authority—or permission from his employer—to drive the truck to or from a bar as he was at the time of the accident. *See Andrews v. Houston Lighting & Power*, 820 S.W.2d 411, 413 (Tex.App.-Houston [14th Dist.] 1991, writ denied) ("[A]n employer is not liable for actions that an employee takes in his own interest and not to further the purpose of carrying out the master's business.").

■■■■ Appellant notes that the accident report contains conflicting information regarding when the accident occurred; part of the report shows the accident occurred around 9:30 a.m. while another part shows the accident occurred around 9:30 p.m. Appellant argues that this conflict created a fact issue that should have precluded summary judgment against him on his negligence claim because the timing of the accident would determine whether it occurred during the workday or after hours. However, appellant alleged in his petition that the accident occurred around 9:30 p.m. An assertion of fact, not pled in the alternative, in the live pleadings of a party is regarded as a formal judicial admission, which bars the admitting party from later disputing the admitted fact. *Holy Cross Church of God in Christ v. Wolf*, 44

S.W.3d 562, 568 (Tex.2001); *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex.1983). Therefore, appellant may not argue now that a fact issue exists as to whether the accident occurred around 9:30 a.m. or 9:30 p.m., having earlier alleged in his petition that the accident occurred around 9:30 p.m. Moreover, the only evidence in the record concerning work hours is from the Employee Safety Manual, which provides that when employees are doing fieldwork, the schedule will be set by the foreman. Thus, the discrepancy in the accident report does not raise a fact issue as to whether Kittrell was acting within the course and scope of his employment.

Because appellee established as a matter of law that Kittrell was not acting within the course and scope of his employment at the time of the accident, the trial court did not err by granting appellee's motion for summary judgment on appellant's negligence claim that was based on the theory of respondeat superior. We overrule appellant's issue in part.

### B. Negligent Entrustment and Negligent Supervision

■ Appellant argues that his negligent entrustment and negligent supervision claims should have survived appellee's motion for summary judgment because they did not depend on whether Kittrell was acting in the course and scope of his employment at the time of the accident. We agree.

■ To establish negligent entrustment of an automobile, a plaintiff must show the following: (1) entrustment of a vehicle by the owner, (2) to an unlicensed, incompetent, or reckless driver, (3) whom the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the accident.

*Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex.1987). To successfully prosecute a negligent supervision claim against an employer, a plaintiff must show that (1) the employer owed the plaintiff a legal duty to protect the plaintiff from the employee's actions, and (2) the plaintiff sustained damages proximately caused by the employer's breach of that legal duty. *See Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 496 (Tex.App.-Fort Worth 2002, no pet.) (op. on reh'g). Neither claim depends on a finding that the employee or driver was acting in the course and scope of his employment when the tortious act occurred. *Id.; see also LaRoque v. Sanchez*, 641 S.W.2d 298, 300 (Tex.App.-El Paso 1982, writ ref'd n.r.e.) (distinguishing a "course and scope of employment case" from a negligent entrustment case). Thus, evidence showing that Kittrell was not acting in the course and scope of his employment does not defeat appellant's negligent entrustment and negligent supervision claims as a matter of law.

■ Appellee argues that it presented evidence that Kittrell did not have permission to drive the vehicle in the manner in which he did and that such evidence is adequate to uphold summary judgment on appellant's negligent entrustment claim. Appellant contends that a defendant cannot entrust a vehicle to someone without granting permission to use it. Appellant cites *Batte v. Hendricks*, a negligent entrustment case in which the defendant moved for summary judgment, arguing, among other things, that she had revoked her permission for the driver to drive her car prior to the accident. 137 S.W.3d 790, 790 (Tex.App.-Dallas 2004, pet. denied). But the Dallas Court of Appeals did not address this argument. Instead, the court upheld the summary judgment because there was no issue as to whether the de-

fendant knew or should have known that the driver was an unlicensed, incompetent, or reckless driver. *Id.* at 791–92. Moreover, a defendant may not avoid liability for negligent entrustment by showing that the driver did not have permission to drive the vehicle at the time and place of the accident. *LaRoque,* 641 S.W.2d at 300–01 (citing, e.g., *Spratling v. Butler,* 150 Tex. 369, 240 S.W.2d 1016, 1017 (1951) (holding that whether driver was on a mission of his own and had no permission to be driving at time of accident was "without significance in a case of negligent entrustment")). Accordingly, whether or not Kittrell had deviated from the scope of appellee's permission is irrelevant to appellant's negligent entrustment claim.

Appellee's motion for summary judgment was based solely on the contention that it had proved as a matter of law that Kittrell was not acting within the course and scope of his employment at the time of the accident. Because proof of that contention is irrelevant to, and thus cannot defeat, appellant's negligent entrustment and negligent supervision claims, appellee presented no evidence showing that it was entitled to summary judgment on those claims. Therefore, because appellee did not present summary judgment evidence that negated an element of appellant's negligent supervision and negligent entrustment claims, the trial court erred by granting summary judgment in favor of appellee on those claims. We sustain appellant's issue in part.

## IV. Conclusion

We affirm the part of the trial court's order granting summary judgment on appellant's negligence claim based on respondeat superior and reverse the part of the order granting summary judgment on appellant's negligent supervision and negligent entrustment claims.[1] We remand those claims to the trial court for proceedings in accordance with this opinion.

---

1. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 204, 206–07 (Tex.2001) (explaining that summary judgment order may be final even if it grants more relief than party is entitled to); *see also* Tex.R.App. P. 43.2(a), (d) (providing that appellate court may affirm a judgment in part and reverse and remand it in part); *Reynolds v. Murphy,* No. 02–03–00294–CV, 2005 WL 1654992, at *1 (Tex.App.-Fort Worth, July 14, 2005, no pet. h.) (affirming summary judgment in part and reversing and remanding in part).