COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-294-CV

 

 

KHOSROW SADEGHIAN                                                       APPELLANT

 

                                                   V.

 

JOHN AND NANCY HARVEY                                                  APPELLEES

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Khosrow Sadeghian
sued Appellees John Harvey and Nancy Harvey, seeking a declaration that real
property owned by the Harveys was subject to an easement in favor of adjoining
property owned by Sadeghian.  The trial
court granted summary judgment in favor of the Harveys.  In an unusual twist to an otherwise
unremarkable case, Sadeghian argues on appeal that he never owned the alleged
dominant estate; thus, he argues, he lacked standing to sue the Harveys, the trial
court lacked subject matter jurisdiction over his claim, and the trial court=s judgment is void.  We affirm.

                                            Background

Sadeghian alleged that he
purchased a parcel of real property (ALot A@) at a
sheriff=s sale.  The Harveys later
purchased adjoining Lot B.  Both lots
were formerly owned by a third party, who maintained a house on Lot A and a
swimming pool and other improvements on Lot B. 
The water well and septic system were located on Lot B. 








When the Harveys allegedly
prevented Sadeghian from using the water well and septic system on Lot B, he
sued them, alleging an implied easement over Lot B and seeking temporary and
permanent injunctions.  In an affidavit
attached to his original petition, Sadeghian swore that AI am the real property owner, which is the subject of this suit@ and referred several times to Amy property.@  The Harveys filed a motion for summary
judgment, asserting that as a matter of law an implied easement could not exist
if the Harveys were required to maintain it and that Sadeghian could not prove
the conveyance of an express easement or the existence of an implied
easement.  The Harveys also argued that
Sadeghian had no standing to sue because there was no evidence that he owned
Lot A.  The Harveys filed as summary
judgment evidence a certified copy of the sheriff=s deed, which reflected ReRam, Inc. as the purchaser of Lot A. 

In his response to the
Harveys= summary judgment motion, Sadeghian again asserted that he had
purchased Lot A at the sheriff=s sale, and he swore in his summary judgment affidavit that AI purchased@ Lot A.  He did not respond to the Harveys= lack-of-standing argument.

The trial court granted the
Harveys= motion for summary judgment. 
The judgment includes the following language:  AThe Court further declares the following: Plaintiff Khosrow Sadeghian,
owner of [Lot A], has no easement for the use of the water well, pump, or
septic tank located on [Lot B].@  Sadeghian filed this
appeal.  He did not file a motion for new
trial or a motion for rehearing in the trial court, and never addressed the
lack-of-standing question in the trial court.

                                             Discussion

In his sole issue on appeal,
Sadeghian now argues that he had no standing to sue the Harveys because he does
not own Lot A.  Therefore, he argues, the
trial court lacked subject matter jurisdiction and its judgment is void.








Standing is implicit in the
concept of subject matter jurisdiction.  Tex.
Ass=n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993). Subject matter jurisdiction is essential to the authority of a court to
decide a case.  Id.  In analyzing issues of standing, we focus on
whether a party has a sufficient relationship with the lawsuit so as to have a Ajusticiable interest@ in the outcome.  Austin
Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005).  When a plaintiff is personally aggrieved, he
has standing.  Id.  The standing doctrine requires that there be a
Areal controversy between the parties@ which Awill be
actually determined by the judicial declaration sought.@ Id. at 849 (quoting Nootsie, Ltd. v. Williamson County
Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996)).

In this case, the controversy
between the parties, as framed by Sadeghian himself, was whether Sadeghian
owned an implied easement over Lot B. 
Sadeghian alleged and swore several times that he owned Lot A, and those
statements comprise a judicial admission that he cannot now dispute.  See








Green v. Ransor, Inc., 175 S.W.3d 513, 517-18 (Tex. App.CFort Worth 2005, no pet.) (AAn assertion of fact, not pled in the alternative, in the live
pleadings of a party is regarded as a formal judicial admission, which bars the
admitting party from later disputing the admitted fact.@).  While the sheriff=s deed reflects that ReRam, Inc. purchased Lot A, it does not preclude
the possibility that Sadeghian acquired the property between the time of the
sheriff=s sale and the time he filed suit. 
The trial court=s judgment
resolves precisely the controversy framed by Sadeghian, albeit against him: ASadeghian . . . has no easement for the use of the
water well, pump, or septic tank located on [Lot B].@

Based on the pleadings and
summary judgment evidence, and particularly Sadeghian=s repeated averrals that he owned Lot A, we hold that Sadeghian had a
sufficient relationship with the lawsuit so as to have a justiciable interest
in its outcome.  He therefore had
standing to sue, and the trial court acquired subject matter jurisdiction over
the dispute.  See Lovato,
171 S.W.3d at 848.  We overrule his sole
issue and affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  May 25, 2006











[1]See Tex. R. App. P. 47.4.