SADEGHIAN V. HARVEY

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-294-CV

KHOSROW SADEGHIAN APPELLANT

V.

JOHN AND NANCY HARVEY APPELLEES

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Khosrow Sadeghian sued Appellees John Harvey and Nancy Harvey, seeking a declaration that real property owned by the Harveys was subject to an easement in favor of adjoining property owned by Sadeghian.  The trial court granted summary judgment in favor of the Harveys.  In an unusual twist to an otherwise unremarkable case, Sadeghian argues on appeal that he never owned the alleged dominant estate; thus, he argues, he lacked standing to sue the Harveys, the trial court lacked subject matter jurisdiction over his claim, and the trial court’s judgment is void.  We affirm.

Background

Sadeghian alleged that he purchased a parcel of real property (“Lot A”) at a sheriff’s sale.  The Harveys later purchased adjoining Lot B.  Both lots were formerly owned by a third party, who maintained a house on Lot A and a swimming pool and other improvements on Lot B.  The water well and septic system were located on Lot B. 

When the Harveys allegedly prevented Sadeghian from using the water well and septic system on Lot B, he sued them, alleging an implied easement over Lot B and seeking temporary and permanent injunctions.  In an affidavit attached to his original petition, Sadeghian swore that “I am the real property owner, which is the subject of this suit” and referred several times to “my property.”  The Harveys filed a motion for summary judgment, asserting that as a matter of law an implied easement could not exist if the Harveys were required to maintain it and that Sadeghian could not prove the conveyance of an express easement or the existence of an implied easement.  The Harveys also argued that Sadeghian had no standing to sue because there was no evidence that he owned Lot A.  The Harveys filed as summary judgment evidence a certified copy of the sheriff’s deed, which reflected ReRam, Inc. as the purchaser of Lot A. 

In his response to the Harveys’ summary judgment motion, Sadeghian again asserted that he had purchased Lot A at the sheriff’s sale, and he swore in his summary judgment affidavit that “I purchased” Lot A.  He did not respond to the Harveys’ lack-of-standing argument.

The trial court granted the Harveys’ motion for summary judgment.  The judgment includes the following language:  “The Court further declares the following: Plaintiff Khosrow Sadeghian, owner of [Lot A], has no easement for the use of the water well, pump, or septic tank located on [Lot B].”  Sadeghian filed this appeal.  He did not file a motion for new trial or a motion for rehearing in the trial court, and never addressed the lack-of-standing question in the trial court.

Discussion

In his sole issue on appeal, Sadeghian now argues that he had no standing to sue the Harveys because he does not own Lot A.  Therefore, he argues, the trial court lacked subject matter jurisdiction and its judgment is void.

Standing is implicit in the concept of subject matter jurisdiction.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 443 (Tex. 1993). Subject matter jurisdiction is essential to the authority of a court to decide a case.  
Id.
  In analyzing issues of standing, we focus on whether a party has a sufficient relationship with the lawsuit so as to have a “justiciable interest” in the outcome. 
 Austin Nursing Ctr., Inc. v. Lovato
, 171 S.W.3d 845, 848 (Tex. 2005).  When a plaintiff is personally aggrieved, he has standing.  
Id. 
 The standing doctrine requires that there be a “real controversy between the parties” which “will be actually determined by the judicial declaration sought.” 
Id.
 at 849 (quoting 
Nootsie, Ltd. v. Williamson County Appraisal Dist
., 925 S.W.2d 659, 662 (Tex. 1996)).

In this case, the controversy between the parties, as framed by Sadeghian himself, was whether Sadeghian owned an implied easement over Lot B.  Sadeghian alleged and swore several times that he owned Lot A, and those statements comprise a judicial admission that he cannot now dispute.  
See

Green v. Ransor, Inc.
, 175 S.W.3d 513, 517-18 (Tex. App.—Fort Worth 2005, no pet.) (“An assertion of fact, not pled in the alternative, in the live pleadings of a party is regarded as a formal judicial admission, which bars the admitting party from later disputing the admitted fact.”).  While the sheriff’s deed reflects that ReRam, Inc. purchased Lot A, it does not preclude the possibility that Sadeghian acquired the property between the time of the sheriff’s sale and the time he filed suit.  The trial court’s judgment resolves precisely the controversy framed by Sadeghian, albeit against him: “Sadeghian . . . has no easement for the use of the water well, pump, or septic tank located on [Lot B].”

Based on the pleadings and summary judgment evidence, and particularly Sadeghian’s repeated averrals that he owned Lot A, we hold that Sadeghian had a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome. 
 
He therefore had standing to sue, and the trial court acquired subject matter jurisdiction over the dispute.  
See
 
Lovato
, 171 S.W.3d at 848.  We overrule his sole issue and affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  May 25, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.