OPINION HEADING PER CUR 









                NO. 12-07-00072-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

GLENWOOD
ACRES LANDOWNERS

ASSOCIATION, INC.,          §                      APPEAL
FROM THE 115TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

MICHAEL
J. ALVIS,

APPELLEE   §                      UPSHUR
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Glenwood Acres Landowners Association, Inc. appeals the
trial court’s denial of its temporary injunction attempting to have Michael J.
Alvis remove his mobile home from its subdivision.  In six issues, Glenwood Acres contends the
trial court abused its discretion in denying its temporary injunction.  We affirm.

 

Background

            In 1976, Glenwood Acres recorded a document entitled “Restrictions,
Covenants and Conditions Applicable to Glenwood Acres Phase M-4” in the deed
records of Upshur County, Texas.  This
document included the following sentence:

 

Prior
to being placed on the lot, all camper trailers, motor homes and mobile homes
must be approved as to condition and age in writing by the developer, The
Association, or its nominees, and must either have an operational self
contained sanitation system or be connected to an adequate sewerage system.

 

 








                On September 1, 2006,
Alvis moved a mobile home onto a lot in Glenwood Acres that he had purchased a
week and a half earlier from his father, Walter Cade.  Alvis had neither sought nor received
approval to move the mobile home onto the lot. 
The evidence showed that, in the weeks following September 1, Alvis made
significant improvements to the mobile home and lot.  Alvis installed a new septic system, a water
meter, and mobile home skirting.  He
installed new plumbing and added a new “roof coat” and a porch to the mobile
home.  He also repainted the mobile
home.  These improvements cost Alvis more
than $8,000.00.  

            On December 1, Glenwood Acres filed its original petition
for injunctive relief against Alvis.  It
asked the trial court to order Alvis to remove his mobile home.  Further, it sought to enjoin him and any
others from placing any mobile homes in the subdivision without the written
approval of the board of Glenwood Acres. 


            Following a hearing, the trial court
denied Glenwood Acres’s request for a temporary injunction.  Glenwood Acres requested findings of fact and
conclusions of law, which were filed by the trial court.  Glenwood Acres timely appealed the denial of
the temporary injunction to this court.  

Standard of Review

            The purpose of a temporary injunction is to preserve the
status quo of the litigation’s subject matter pending a trial on the
merits.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 204 (Tex. 2002).  As such,
the only question before the trial court is whether the applicant is entitled
to preservation of the status quo pending trial on the merits.  Walling v. Metcalfe, 863 S.W.2d
56, 58 (Tex. 1993).  To obtain a
temporary injunction, the applicant must plead and prove three specific
elements: 1) a cause of action against the defendant; 2) a probable right to
the relief sought; and 3) a probable, imminent, and irreparable injury in the
interim.  Butnaru, 84
S.W.3d at 204; see Walling, 863 S.W.2d at 57.  

            The decision to grant or deny a temporary writ of injunction
lies within the sound discretion of the trial court and is subject to reversal
only for a clear abuse of that discretion. 
Butnaru, 84 S.W.3d at 204. 
The trial court abuses its discretion when it misapplies the law to the “established
facts or when the evidence does not reasonably support the conclusion that the
applicant has a probable right of recovery.” 
Khaledi v. H.K. Global Trading, Ltd., 126 S.W.3d 273, 280
(Tex. App.–San Antonio 2003, no pet.) (citing State v. Sw. Bell Tel. Co.,
526 S.W.2d 526, 528 (Tex. 1975)).  The
trial court does not abuse its discretion if some evidence reasonably supports
the trial court’s decision.  Butnaru,
84 S.W.3d at 211.  








            When, as here, specific findings of fact and conclusions
of law are filed and a reporter’s record is before the appellate court, the
findings will be sustained if there is evidence to support them, and the
appellate court will review the legal conclusions drawn from the facts found to
determine their correctness. TMC Worldwide, L.P. v. Gray, 178
S.W.3d 29, 36 (Tex. App. –Houston [1st Dist.] 2005, no pet.).

 

Waiver

            In its first issue, Glenwood Acres contends that the
trial court failed to apply the legal presumption that it had acted reasonably
in its exercise of authority to enforce restrictive covenants pursuant to
Section 202.004(a) of the Texas Property Code. 
Section 202.004(a) reads as follows:

 

An
exercise of discretionary authority by a property owners’ association or other
representative designated by an owner of real property concerning a restrictive
covenant is presumed reasonable unless the court determines by a preponderance
of the evidence that the exercise of discretionary authority was arbitrary,
capricious, or discriminatory.

 

 

Tex.
Prop. Code Ann. § 202.004(a) (Vernon 2007).

            A presumption is not evidence but rather a rule of
procedure that is overcome when positive evidence to the contrary is
introduced.  See Green v. Ransor,
Inc., 175 S.W.3d 513, 516 (Tex. App.–Fort Worth 2005, no pet.).  The presumption “disappears” when evidence to
the contrary is introduced.  See Republic
Nat’l Life Ins. Co. v. Heyward, 536 S.W.2d 549, 558 (Tex. 1976).  Here, Alvis put on evidence that there had
been a number of mobile homes placed upon lots in Glenwood Acres without the
approval of the board.  Further, there
was unrebutted testimony that, even after the new board came into office on
February 11, 2006, it had allowed mobile homes to be placed upon lots in
Glenwood Acres without any approval or authorization.  Thus, Alvis presented evidence to rebut the
presumption Glenwood Acres relies upon.  

            Glenwood Acres’s first issue dovetails with its fourth
and sixth issues.  In issue four, it
contends that the trial court erred in refusing to make a finding that Alvis
had blatantly breached its restrictive covenants.  In its sixth issue, Glenwood Acres contends
that the trial court erred in making a finding of fact that the current board
of Glenwood Acres, elected on February 11, 2006, had continued to waive the
restrictive covenants as its predecessor boards had done.  To establish waiver under the facts of this
case, Alvis had the burden to show that Glenwood Acres voluntarily and
intentionally relinquished its right to enforce the restrictive covenant
requiring subdivision lot owners to get the approval of the board of Glenwood
Acres before placing a mobile home on a Glenwood Acres lot.  See Oldfield v. City of Houston,
15 S.W.3d 219, 226 (Tex. App.–Houston [14th Dist.] 2000, pet. denied).  To meet this burden, Alvis had to show that
the violations then existing were “so great as to leave the mind of the ‘average
man’ to reasonably conclude that the restriction in question has been abandoned
and its enforcement waived.”  Id.
at 226-27.  “Among the factors to be
considered by the ‘average man’ are the number, nature, and severity of the
then existing violations, any prior acts of enforcement of the restriction, and
whether it is still possible to realize to a substantial degree the benefits
intended through the covenant.”  Id.
at 227.

            Here the evidence showed that Alvis’s father, Walter
Cade, had placed thirteen mobile homes in the subdivision without the approval
of any board.  One of these mobile homes
had been placed on a Glenwood Acres lot after the new board’s election.  There was no evidence in the record to show
when, if ever, the board at Glenwood Acres had actually required approval
before a mobile home was placed on one of the subdivision’s lots.  Cade testified that he had been a board
member for Glenwood Acres from 1998 through 2000 and that this restriction had
never been enforced.  Evidence showing
multiple violations of a restrictive covenant in a subdivision is more than
sufficient to uphold a trial court’s finding that the restrictive covenant has
been abandoned.  See Tanglewood
Homes Ass’n v. Henke, 728 S.W.2d 39, 43 (Tex. App.–Houston [1st Dist.]
1987, writ ref’d n.r.e.).  We hold that
the trial court did not abuse its discretion in finding the facts that allowed
it to make a conclusion of law that Glenwood Acres had abandoned the restriction.  Glenwood Acres’s issues one, four, and six
are overruled.

 

Balancing of Equities

            In its second issue, Glenwood Acres contends that there
was insufficient evidence for the trial court to make a finding of fact that
Glenwood Acres had not suffered injuries that would allow it to obtain a
temporary injunction.  In its fifth
issue, Glenwood Acres contends that the trial court erred in determining the
harm in denying the injunction would outweigh the potential harm that Glenwood
Acres would suffer in being unable to enforce this restrictive covenant as to
mobile homes.  We will consider these two
issues together.  A trial court weighs
the respective conveniences and hardships of the parties and balances the
equities in deciding whether to grant a temporary injunction.  Computek Computer & Office
Supplies, Inc. v. Walton, 156 S.W.3d 217, 220 (Tex. App.–Dallas 2005,
no pet.).  The trial court may consider
whether the applicant would suffer significant or slight injury if the
injunction were erroneously denied, and whether the injury to the opposing
party would be significant or slight if the injunction were erroneously
granted.  T.F.W. Mgmt., Inc. v.
Westwood Shores Prop. Owners Ass’n, 162 S.W.3d 564, 575 (Tex. App. –Houston
[14th Dist.] 2004, no pet.).

            Alvis and his wife were a young couple with a three month
old daughter who had spent over $8,000.00 setting up their mobile home in
Glenwood Acres.  Alvis testified that he
had no savings left and nowhere to go if he was forced to remove his mobile
home from Glenwood Acres.  Further, the
record did not show that Alvis had received any communication from Glenwood
Acres from September 1 to December 1, when the suit for temporary injunction
was filed.  Consequently, Alvis and his
wife had been allowed to put over $8,000.00 worth of improvements into the
mobile home and lot that would be lost if the injunction was granted and they
were forced to leave. 

            Alvis also testified that on one side of their mobile
home there was a home that had been burned and on the other side an abandoned
home that was falling down.  He testified
that no one else who had placed a mobile home on a lot in Glenwood Acres
without the approval of the board had been forced to move it out.  He said that he felt like he was being
singled out.

            The board was attempting to reestablish its
authority.  It also wanted to be able to
enforce this restriction in the future. 
In balancing the equities between the two sides, we cannot say that the
trial court abused its discretion in refusing to grant Glenwood Acres a
temporary injunction.  Glenwood Acres’s
issues two and five are overruled.  

 

Failure to Offer Evidence

            In its third issue, Glenwood Acres contends that the
trial court erred in refusing to admit evidence of a petition against the
association’s board of directors.  In
reviewing the record before us, we cannot find where Glenwood Acres actually
offered this petition into evidence. 
Thus, we can find nothing in the record to show that the trial court
ever made an evidentiary ruling regarding the admission of this petition into
evidence.  The trial court does not abuse
its discretion by failing to admit  an
exhibit into evidence where that exhibit has not been offered in the first
place.  See Mitchell v. Bank of
Am., N.A., 156 S.W.3d 622, 627 (Tex. App.–Dallas 2004, pet.
denied).  Glenwood Acres’s third issue is
overruled.

 

Disposition

            Having overruled Glenwood Acres’s six issues, the
judgment of the trial court is affirmed. 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

 

 

Opinion
delivered July 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)