COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-027-CV

 

 

TERRY
SIMMONS                                                               APPELLANT        

 

                                                   V.

 

ELMOW HOLDINGS, INC. F/K/A                                                APPELLEE

RIO PUMPING SERVICES, INC.

 

                                              ------------

 

           FROM
THE 348TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              -------------

I. Introduction








This is an appeal from a
summary judgment rendered against appellant Terry Simmons on statute of
limitations grounds in his personal injury suit against appellee Elmow Holdings
f/k/a Rio Pumping Services, Inc.  In four
points, appellant argues that the trial court erred by granting summary
judgment because (1) appellee should have been estopped from asserting a
limitations defense when it did not serve appellant with its pleading, (2)
there were disputed issues of material fact as to whether appellant exercised
due diligence in obtaining service, (3) appellant was not given the opportunity
to amend his summary judgment evidence affidavits to correct technical errors,
and (4) there were disputed issues of material fact regarding the date the
cause of action accrued.  We affirm.

II. Background Facts

In May 2006, appellant sued appellee for damages arising
from a chemical spill that occurred in May 2004.  Appellant did not successfully serve appellee
before the two year limitations period expired. 
In June 2006, after the limitations period had expired, Liberty Mutual
Fire Insurance Company, appellee=s workers= compensation
insurance carrier, filed a plea in intervention. Appellee answered the plea in
intervention in September 2006 but did not provide its answer to
appellant.  Appellant never effected
service of citation upon appellee in the underlying lawsuit.








In March 2007, appellee filed its original traditional
motion for summary judgment for failure to timely effectuate service and for
failure to use due diligence to effectuate service.  Appellee later withdrew its motion after
being unable to answer the trial court=s question at the
summary judgment hearing regarding whether a party can move for summary
judgment if it has not answered and there are no affirmative defenses to the
claims.  In May 2007, appellee filed its
first amended answer and affirmative defenses to appellant=s original
petition.  Shortly thereafter, appellee
also filed its first amended traditional motion for summary judgment based on
appellant=s failure to timely serve appellee within
the limitations period.  The trial court
granted appellee=s motion, and appellant timely filed this
appeal.

III. Standard of Review

A defendant is entitled to
summary judgment on an affirmative defense if the defendant conclusively proves
all the elements of the affirmative defense. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); see
Tex. R. Civ. P. 166a(b),
(c).  To accomplish this, the
defendant-movant must present summary judgment evidence that establishes each
element of the affirmative defense as a matter of law.  Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 121 (Tex. 1996).  When reviewing a
summary judgment, we take as true all evidence favorable to the nonmovant, and
we indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  IHS Cedars
Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798
(Tex. 2004). 








A defendant moving for
summary judgment on the affirmative defense of limitations has the burden to
conclusively establish that defense.  KPMG
Peat Marwick v. Harrison County Hous. Fin., 988 S.W.2d 746, 748 (Tex.
1999); Dean v. Frank W. Neal & Assocs., Inc., 166 S.W.3d 352, 355
(Tex. App.CFort Worth
2005, no pet.).  Thus, the defendant must
(1) conclusively prove when the cause of action accrued, and (2) negate the
discovery rule, if it applies and has been pleaded or otherwise raised, by
proving as a matter of law that there is no genuine issue of material fact
about when the plaintiff discovered, or in the exercise of reasonable diligence
should have discovered the nature of its injury.  KPMG Peat Marwick, 988 S.W.2d at 748; Dean,
166 S.W.3d at 355B56.  If the movant establishes that the statute of
limitations bars the actions, the nonmovant must then adduce summary judgment
proof raising a fact issue in avoidance of the statute of limitations.  KPMG Peat Marwick, 988 S.W.2d at 748; Dean,
166 S.W.3d at 356. 

IV. Motion for Sanctions

In his first point, appellant
argues that the trial court erred in not sanctioning appellee by prohibiting it
from asserting a limitations defense because appellee did not serve appellant
with its answer to the plea in intervention, which is required by Texas Rule of
Civil Procedure 21.  See Tex. R. Civ. P. 21. 








A.     Standard
of Review

To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific ground for the desired ruling, if
it is not apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a); see also Tex.
R. Evid. 103(a)(1).  If a party
fails to do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g).  The objecting party must get a ruling from
the trial court.  This ruling can be
either express or implied.  Frazier v.
Yu, 987 S.W.2d 607, 610 (Tex. App.CFort Worth 1999, pet. denied). 
If trial judge refuses to rule, an objection to the refusal to rule is
sufficient to preserve error.  Tex. R. App. P. 33.1(a)(2).

B.     Analysis

On April 26, 2007, appellant
moved for sanctions under Texas Rule of Civil Procedure 21b, which provides
that

[i]f
any party fails to serve on or deliver to the other parties a copy of any
pleading, plea, motion, or other application to the court for an order in
accordance with Rules 21 and 21a, the court may in its discretion, after
notice and hearing, impose an appropriate sanction available under Rule
215-2b.

 








Tex. R. Civ. P. 21b (emphasis added). 
Appellant claimed in his motion for sanctions that because appellee
failed to serve appellant with a copy of its answer to the plea in
intervention, appellee should be prohibited from asserting a statute of
limitations defense against him.  The
record, however, does not show that appellant ever set a hearing or obtained a
ruling from the trial court on his motion for sanctions.  Therefore, appellant failed to preserve his
complaint for review.  See Tex. R. App. P. 33.1(a); see also
Tex. R. Evid. 103(a)(1); Bushell,
803 S.W.2d at 712.  We overrule appellant=s first point.

V. Disputed Issues of
Material Fact 

In his second and fourth points, appellant argues that the
trial court erred by granting summary judgment because there were disputed
issues of material fact, including when the cause of action accrued and whether
appellant exercised due diligence in obtaining service.  Additionally, in point three, appellant
complains that the trial court erred by not permitting him to amend his summary
judgment affidavits, which he contends evidenced that he used due diligence to
effect service.[2]


A.      Effecting Service Outside
the Limitations Period








A suit for personal injuries
must be brought within two years from the time the cause of action
accrues.  See Tex. Civ. Prac. & Rem. Code Ann. ' 16.003(a) (Vernon Supp. 2007); Proulx v. Wells, 235
S.W.3d 213, 215 (Tex. 2007).  But a
timely filed suit will not interrupt the running of limitations unless the
plaintiff exercises due diligence in the issuance and service of citation.  Proulx, 235 S.W.3d at 215; James v.
Gruma Corp., 129 S.W.3d 755, 759 (Tex. App.CFort Worth 2004, pet. denied). 
If service is diligently effected after the limitations has expired, the
date of service will relate back to the date of filing.  Proulx, 235 S.W.3d at 215; James, 129
S.W.3d at 759.  Due diligence is the
diligence an ordinarily prudent person would use under the same or similar
circumstances.  Proulx, 235 S.W.3d
at 216; James, 129 S.W.3d at 759. 
The duty to use due diligence continues from the date suit is filed
until the date the defendant is served.  James,
129 S.W.3d at 759.  








Whether a plaintiff was
diligent in serving the defendant is normally a question of fact, but if no
excuse is offered for the delay or if the lapse of time coupled with the
plaintiff=s acts
conclusively negate diligence, lack of diligence will be found as a matter of
law.  Id.  A fact issue exists if the plaintiff gives a
valid or reasonable explanation for the delay. 
Id.  Thus, it is the plaintiff=s burden to present evidence regarding the efforts that were made to
serve the defendant, and to explain every lapse in effort or period of
delay.  Proulx, 235 S.W.3d at
216.  In some instances, the plaintiff=s explanation may be legally improper to raise the diligence issue and
the defendant will bear no burden at all. 
Id.  In other instances,
the plaintiff=s
explanation of its service efforts may demonstrate a lack of due diligence as a
matter of law, as when one or more lapses between service efforts are
unexplained or patently unreasonable.  Id.  But if the plaintiff=s explanation for the delay raises a material fact issue concerning
the diligence of service efforts, the burden shifts back to the defendant to
conclusively show why, as a matter of law, the explanation is
insufficient.  Id.

B.      The Date the Cause of
Action Accrued 

Appellant argues that there
are disputed issues of material fact regarding the date the cause of action
accrued.  Specifically, he claims that
the only evidence in the record concerning the date the cause of action accrued
is in his own statement referencing the date of the accident and explaining his
injuries (Exhibit E of appellee=s first amended traditional motion for summary judgment) and an
accident report by appellant=s employer Key Energy (Exhibit F of appellee=s first amended traditional motion for summary judgment) and that
these are inadmissible unsworn hearsay statements.  Appellee, however, contends that appellant
judicially admitted the date the cause of action accrued and that the exhibits
fall under the business records exception to the hearsay rule.   

1.     Applicable Law








A judicial admission is a
formal waiver of proof that dispenses with the production of evidence on an
issue, has conclusive effect, and bars the admitting party from disputing the
admitted fact.  Holy Cross Church of
God in Christ v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001); Lee v. Lee, 43
S.W.3d 636, 641 (Tex. App.CFort Worth 2001, no pet.). 
Assertions of fact, not pled in the alternative, in the live pleadings
of a party are regarded as formal judicial admissions.  Holy Cross, 44 S.W.3d at 568; Green
v. Ransor, Inc., 175 S.W.3d 513, 517B18 (Tex. App.CFort Worth
2005, no pet.).  Although pleadings
generally do not constitute summary judgment proof, if a plaintiff=s pleadings contain judicial admissions negating a cause of action,
summary judgment may properly be granted on the basis of the pleadings.  Commercial Structures & Interiors,
Inc. v. Liberty Educ. Ministries, Inc., 192 S.W.3d 827, 835 (Tex. App.CFort Worth 2006, no pet.). 
Additionally, we have discretion to accept statements made in the briefs
as true.  Jansen v. Fitzpatrick, 14
S.W.3d 426, 431 (Tex. App.CHouston [14th Dist.] 2000, no pet.).

2.     Analysis








Appellant alleged in his
original petition and first amended original petition that the accident
occurred Aon or about
May 26, 2004.@  Appellant=s statement that the accident occurred Aon or about May 26, 2004A is an assertion of fact in appellant=s live pleadings and thus a judicial admission.  See Holy Cross, 44 S.W.3d at 568; Green,
175 S.W.3d at 517B18.  Therefore, because appellant judicially
admitted the date that the accident occurred, he may not argue now that a fact
issue exists as to when the cause of action accrued.  See Holy Cross, 44 S.W.3d at 568; Green,
175 S.W.3d at 517B18 (stating
that Aappellant may not argue now that a fact issue exists as to whether the
accident occurred around 9:30 a.m. or 9:30 p.m., having earlier alleged in his
petition that the accident occurred around 9:30 p.m@).  Additionally, appellant
asserted in the AStatement of
the Case@ and AStatement of
Facts@ in his appellate brief that the incident occurred on May 26,
2004.  See Jansen, 14 S.W.3d at
431.  

Moreover, the trial court
properly overruled appellant=s objections to appellee=s Exhibits E and F by implication when it granted appellee=s motion for summary judgment because the documents contain admissions
by a party opponent and are also business records.  See Tex.
R. Evid. 801(e)(2), 803(6).  Thus,
there is no disputed fact issue about the date the cause of action
accrued.  See Proulx, 235 S.W.3d
at 216; James, 129 S.W.3d at 759B60. 

C.     Diligence
in Effecting Service 








Appellant also argues that
there are disputed issues of material fact regarding whether he exercised due
diligence in obtaining service. 
Specifically, appellant argues that appellee=s affidavit by Brad Elenberg, its registered agent, is not competent
summary judgment evidence; that appellee appeared in the suit when it filed an
answer to the plea in intervention; that there was no significant lapse of time
between the filing of the suit and appellee=s appearance in the suit; that appellant brought forth sufficient
summary judgment evidence in his affidavits that due diligence was used to
issue citation; and that the trial court erred by not permitting him to amend
his summary judgment affidavits.  

1.     Brad Elenburg=s Affidavit

Appellant argues that
Elenburg=s affidavit was insufficient summary judgment evidence because it did
not state how long Elenburg had been the registered agent for appellee,
provided a contrary address for service than what was listed with the Secretary
of State, and did not have an exhibit attached.[3]  As previously discussed, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling to preserve a complaint for our
review.  Tex. R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1).  If a party fails to do this, error is not
preserved, and the complaint is waived.  Bushell,
803 S.W.2d at 712. 








In this case, appellant
objected to appellee=s Exhibits E
and F, but he did not object to Elenburg=s affidavit, Exhibit C.  Because
appellant failed to include Exhibit C in his objections to appellee=s summary judgment evidence, he cannot now complain that the affidavit
is insufficient evidence; thus, appellant did not preserve his complaint for
review.  See Tex. R. App. P. 33.1(a); see also
Tex. R. Evid. 103(a)(1); Bushell,
803 S.W.2d at 712. 

2.     Appearance as Waiver of Service

Appellant also contends that
appellee=s filing an answer to the plea in intervention constituted a general
appearance.  Appellant also claims that
because appellee made a general appearance, there was no significant lapse of
time between the filing of the suit and appellee=s appearance.

A party=s general appearance in a suit does not waive service of process when
the appearance occurs after the limitations period has run and the
plaintiff has not used due diligence in serving the party.  James, 129 S.W.3d at 760; see
Seagraves v. City of McKinney, 45 S.W.3d 779, 783 (Tex. App.CDallas 2001, no pet.) (holding that general appearance by defendant
did not waive statute of limitations defense when plaintiff failed to exercise
due diligence in effecting service until after the statute of limitations
expired); cf. Baker v. Monsanto Co., 111 S.W.3d 158, 160B61 (Tex. 2003) (holding that because defendant made general appearance
when it answered plaintiff=s complaint within limitations period, intervenors= claims were not barred). 








In this case, the accident
occurred on or about May 26, 2004, and appellant filed his first original
petition on May 23, 2006, three days before the limitations period
expired.  After limitations expired,
Liberty Mutual filed a plea in intervention in June 2006, and appellee filed an
answer to the plea in intervention in September 2006.  Although Liberty Mutual served appellee with
the plea in intervention, appellant never effected service on appellee
in the underlying lawsuit, even after appellee answered Liberty Mutual=s intervention.  Thus, appellee=s answer to the plea in intervention did not constitute a general
appearance that would waive the need for due diligence in effecting service in
the underlying suit because the plea in intervention was filed and answered after
the limitations period had expired.  See
James, 129 S.W.3d at 760; Seagraves, 45 S.W.3d at 783.  In other words, because the plea in
intervention and appellee=s answer to
the plea in intervention occurred after the limitations period expired,
appellee did not waive its right to complain about lack of service.  See James, 129 S.W.3d at 760; Seagraves,
45 S.W.3d at 783

3.     Barry Johnson=s and Dan Sirek=s Affidavits

Appellant also argues that he
provided sufficient summary judgment evidence that he exercised due diligence
to effect service through affidavits from his attorney and process server and
that if those affidavits were not sufficient, the trial court erred by not
allowing him to amend them.  








Appellant attached attorney
Barry Johnson=s and
process server Dan Sirek=s affidavits
to his summary judgment response as evidence of his due diligence.  In the first affidavit, Barry Johnson averred
that he Arequested that citation be issued, and citation was paid for in
accordance with the rules for fax filing in Tarrant County, Texas.@  He furthered averred that Ait was our normal office procedure for us to contact Dan Sirek for the
purpose of obtaining service . . . and the records of the District Clerk=s office indicate that Dan Sirek picked up citation . . . on June 1,
2006.@  Johnson stated that at some
point, ADan Sirek returned the citation to our office, and communicated that
he had been unable to obtain service.@  Johnson also averred, AI attempted at all times to exercise due diligence in obtaining
service.@ 

In the second affidavit,
process server Dan Sirek averred that in May 2006, he Awas contacted by the office of Ted Machi and [a]ssociates, P.C.,
concerning Simmons vs. Elmow Holdings . . . [and] told that the suit had been
filed and that [he] should pick up the citation and effectuate service.@  He averred that

[t]he records of the Tarrant County District
Clerk=s
office indicate that I picked up the citation for Elmow Holdings, Inc. on June
1, 2006.

It is my normal practice to try to effectuate
service as soon as possible when I receive a citation. 

I have been unable so far to locate my records
concerning this matter.  I have been
informed by the office of Ted Machi and Associates, P.C., that I returned the
citation to their office unserved.








Normally, I
would return a citation if I had made attempts to serve the citation at the
address indicated.  I believe that I did
so in this case, but I am currently unable to locate my records, and I do not
have an independent recollection of it. 

At the June 28, 2007 hearing
on appellee=s first
amended traditional motion for summary judgment, appellee objected to appellant=s affidavits.  Specifically,
appellee objected that the affidavits were invalid because, among other things,
they were not based on personal knowledge and because they contained
inadmissible hearsay.  Appellant
requested permission to amend the defects in the affidavits, and the trial
court denied that request.  The trial
court sustained appellee=s objections
to the affidavits. 








We will first address
appellant=s contention
that the trial court erred by denying appellant=s request to amend his affidavits. 
Appellant contends that he should have been allowed to amend because the
defects were defects of form.  See Tex. R. Civ. P. 166a(f) (stating that
defects in the form of affidavits will not be grounds for reversal unless
specifically pointed out by objection by an opposing party with opportunity,
but refusal, to amend).  But although
some of the complained of defects relate to form, others to which appellee also
objected to, such as conclusory statements, are defects of substance.  Torres v. GSC Enters., Inc., 242 S.W.3d
553, 559 (Tex. App.CEl Paso
2007, no pet.).  A trial court is only
required to allow amendments to defects of form.  Bell v. Moores, 832 S.W.2d 749, 756
(Tex. App.CHouston
[14th Dist.] 1992, writ denied).  Here,
even if the trial court had improperly denied appellant the opportunity to
amend his affidavits as to defects of form, the substance of the affidavits did
not contain any information explaining what efforts were taken to effect
service on appellee.  Appellant did not
provide any information in his affidavits as to what happened in the time
period between June 2006, when Sirek picked up the citation from the district
clerk=s office, and September 2006, when appellee filed its answer to the
plea in intervention.  Thus, allowing
appellant to amend his affidavits as to the defects in form would not have
cured the lack of substantive detail to provide a valid or reasonable explanation
for the delay in service.  See James, 129
S.W.3d at 759.  The affidavits were
substantively inadequate to raise a disputed material fact issue as to
appellant=s due
diligence.  Id.; see also Proulx, 235
S.W.3d at 216.  The trial court did not
err by denying appellant=s request to
amend or by sustaining appellee=s objections to appellant=s affidavits.








Furthermore, because appellant=s affidavits were properly excluded, the record does not contain any
evidence regarding appellant=s efforts to effect service.  In
fact, the only evidence in the record established that no service was effected
between May 26, 2004, and December 15, 2006. 
Accordingly, appellant failed to raise a disputed fact issue on his due
diligence excuse by providing a valid or reasonable explanation for his delay
in effecting service.  Therefore,
appellee=s summary judgment evidence proved as a matter of law that appellant
did not use due diligence in serving him and that appellant=s suit was barred by limitations. 
See Proulx, 235 S.W.3d at 216; James, 129 S.W.3d at 759B60. 

In sum, appellant failed to
raise any disputed material fact issues regarding when the cause of action
accrued or whether he exercised due diligence in effecting service.  See Proulx, 235 S.W.3d at 216; James,
129 S.W.3d at 759B60.  We overrule appellant=s second, third, and fourth points.

VI. Conclusion

Having overruled appellant=s four points, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and McCOY, JJ.

 

DELIVERED:  July 10, 2008 

 











[1]See Tex. R. App. P. 47.4.





[2]We
will address appellant=s
point three in conjunction with point two because they both relate to appellant=s due
diligence in serving appellee.





[3]The
text of the affidavit references an attached exhibit, but there is no
attachment.