**Gilbert ALCALA, Appellant,**

v.

**James D. WILLIAMS, Appellee.**

No. 04–94–00826–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 4, 1995.

---

John D. Wennermark, Thomas B. Moseley, III, San Antonio, for Appellant.

Laura Richmond Cole, Frank R. Rivas & Associates, San Antonio, for Appellee.

Before RICKHOFF, LOPEZ, and HARDBERGER, JJ.

LOPEZ, Justice.

Gilbert Alcala, Appellant, challenges the trial court's decision to grant a plea in abatement and dismiss his personal injury suit filed against James Williams, Appellee. We find that the trial court's decision to dismiss the lawsuit should be reversed and the case reinstated.

The suit is based on an automobile accident that occurred in December of 1992. A private process server attempted to serve Williams on February 21, 1994. A return was filed with a notation that Williams was served. Appellee filed a plea in abatement alleging that the person served was actually Williams' father, not the Appellee. The plea in abatement also stated that Williams had been out of the country since January of 1994, and requested either a dismissal or abatement pending proper service.

A hearing was held on the plea in abatement on May 19, 1994. Alcala insisted that the appearance by Williams, through his attorney, waived any defect in service and should be considered a general appearance. Williams' attorney asserted that the case should be postponed until his client was properly served. The trial judge gave the parties "until the 31st" to come up with case law supporting their arguments. The record does not clearly specify that a hearing would be held on May 31; however, Appellee appeared on that date and the trial judge granted the plea in abatement and dismissed the case. Appellant asserts, in three points of error, that the dismissal was an improper remedy.

■ In Appellant's first and second points of error, he argues that the trial court erroneously dismissed the case when the only issue before the court was the plea in abatement. Appellant argues that the plea in

abatement for improper service is construed as a motion to quash; therefore, an extension of time is the only remedy. Appellee argues that he requested abatement or dismissal in his plea and that it is in the trial court's discretion to dismiss the suit under Tex. R.Civ.P. 165a for failure of a party to appear at a hearing.

In reviewing the trial court's decision to grant the plea in abatement and dismiss the cause of action, we need to consider whether there was an abuse of discretion. *Dolenz v. Continental Nat'l Bank*, 620 S.W.2d 572, 575–76 (Tex.1981). It is clear that challenges to service of process should be brought through a motion to quash. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex.1985). Regardless of the title, a plea in abatement can be construed as a motion to quash. *Donald v. Agricultural Livestock Fin. Corp.*, 495 S.W.2d 592, 595 (Tex.App.—Fort Worth 1973, no writ). The only remedy for improper service is additional time to answer. Tex.R.Civ.P. 122; *Kawasaki*, 699 S.W.2d at 202.

We find that the trial court did abuse its discretion in dismissing the case because the appropriate remedy for this plea in abatement was an extension of time. Furthermore, the record does not affirmatively show that both parties were notified that a hearing was scheduled for May 31, 1994. Contrary to Appellee's assertion, the order granting the dismissal cites "lack of proper service" as the reason for dismissal, the remedy for which is extra time. Tex.R.Civ.P. 122. We sustain Appellant's points of error one and two.

In his third point of error, Appellant contends that Appellee waived any defects in service by making a general appearance at the hearing on May 19, 1994. A plea in abatement constitutes an answer and appearing in court waives any complaints concerning defective service. *Schulz v. Schulz*, 726 S.W.2d 256, 258 (Tex.App.—Austin 1987, no writ).

Appellee's participation in the May 19 and May 31 hearings, along with the plea and general answer that he filed, qualify as entering an appearance. *See* Tex.R.Civ.P. 121;

*Schulz*, 726 S.W.2d at 258. We find that Appellee has waived his right to complain of any defects in service. Point of error three is sustained.

We hereby vacate the trial court's order of dismissal and order the case reinstated on the trial court's docket for further proceedings.