JAMES V. GRUMA

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-063-CV

TINA MARIE JAMES APPELLANT

V.

GRUMA CORPORATION APPELLEE

------------

FROM THE 236
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Introduction

This is an appeal from a take-nothing summary judgment rendered against appellant Tina Marie James in her premises liability suit against appellee Gruma Corporation (Gruma) and other defendants.  In a single issue, James contends that the trial court erred in granting the summary judgment because a genuine issue of material fact exists as to whether she was diligent in serving Gruma after the expiration of the statute of limitations on her claim.  We affirm.

Background Facts

On May 17, 2001, James filed suit against her employer, Pioneer Security & Investigations Agency, Mission Foods Corporation (Mission), and Calidad Foods, Inc. (Calidad) for injuries she allegedly sustained on May 18, 1999 when performing security services at a facility she alleged was possessed and controlled by Mission or, alternatively, Calidad.  Presumably, the statute of limitations on James’s claim ran on or about May 18, 2001.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003 (Vernon 2002).  The Tarrant County District Clerk issued citations for Mission and Calidad on May 21, 2001.  After numerous attempts, James allegedly served Calidad on September 26, 2001 by 
delivering the citation and petition to “Patti Merito[,] Registered Agent for Mission Foods.”  
James attempted to serve CT Corporation System as Mission’s registered agent, but the company returned the attempted service because it was no longer Mission’s registered agent.  The record does not show any subsequent service on Mission.  

On October 22, 2001, Gruma—the corporation that operated the facility where James was injured and whose offices were located at the same address as Calidad—filed a “Plea in Abatement and, Subject Thereto, Original Answer,” claiming that James had “served Gruma with a citation directed to Calidad” and that to the extent James had attempted to serve Gruma, she did not do so properly.  Gruma also included a general denial, which was expressly made “[s]ubject to the . . . plea in abatement.”  Although it appears from the record that the trial court never ruled on the plea in abatement, James actually served Gruma on August 21, 2002.

Gruma filed a motion for summary judgment on October 2, 2002, contending that James’s claims against it were barred by the statute of limitations because she did not exercise reasonable diligence in serving Gruma or the other defendants before May 18, 2001, the expiration of the statute of limitations.  The trial court granted Gruma’s motion, and on February 5, 2003, signed a take-nothing summary judgment in favor of Gruma that severed James’s claims against Gruma from her claims against Mission,  Calidad, and Pioneer.

In one issue on appeal, James contends summary judgment was improper because (1) Gruma’s plea in abatement constituted an answer and appearance that waived any complaints about defective service, (2) misnomer, misidentification, and assumed names as between Mission, Calidad, and Gruma permitted James to amend her pleadings to later name Gruma as a defendant even if such amendment occurred after the statute of limitations had run, and (3) James was diligent in attempting to serve process on all the defendants.

Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215;
 Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Rhone-Poulenc,
 997 S.W.2d at 223; 
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47.

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.  
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999).  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood,
 924 S.W.2d 120, 121 (Tex. 1996).
  

When a defendant moves for summary judgment on its affirmative defense of limitations, it must show that, as a matter of law, the plaintiff was not diligent in effecting service within the limitations period.  
Gant v. DeLeon
, 786 S.W.2d 259, 260 (Tex. 1990).  James claims that Gruma failed to prove  that as a matter of law she did not use diligence in serving Gruma and the other defendants. 

Analysis

Diligence in Effecting Service

In one of three subissues, James contends that she “acted as an ordinary prudent person . . . under the same circumstances in arranging for citations to be issued four days after the lawsuit was filed and was diligent in the repeated attempts to serve process following the expiration of the statute of limitations period.”  The mere filing of a lawsuit within the limitations period is not sufficient; the defendant must also be served with process.  
Tarrant County v. Vandigriff
, 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied).  However, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service.  
Id
.  The standard of due diligence is the diligence an ordinarily prudent person would use under the same or similar circumstances.  
Id
. at 925.  The duty to use due diligence continues from the date suit is filed until the date the defendant is served.  
Parsons v. Turley
, 109 S.W.3d 804, 808 (Tex. App.—Dallas 2003, pet. filed).

Whether a plaintiff was diligent in serving the defendant is normally a question of fact, but if no excuse is offered for a delay or if the lapse of time coupled with the plaintiff’s acts conclusively negate diligence, lack of diligence will be found as a matter of law.  
Vandigriff
, 71 S.W.3d at 925.  A fact issue exists if the plaintiff gives a valid or reasonable explanation for the delay.  
Holstein v. Fed. Debt Mgmt., Inc., 
902 S.W.2d 31, 36 (Tex. App.—Houston [1
st
 Dist.] 1995, no writ).  Here, after Gruma asserted the affirmative defense of statute of limitations, the burden shifted to James to show due diligence in effecting service.  
See id
.

The summary judgment record shows that James filed a First Amended Original Petition adding Gruma as a defendant on April 25, 2002, over six months after Gruma filed its plea in abatement.  Instead of serving the amended petition on Gruma, James forwarded a copy to Gruma’s counsel.  However, even assuming that this was sufficient to put Gruma on notice that it was being sued, James has not offered any explanation for the six month-delay in naming Gruma as a defendant and attempting service.

James contends that despite her delay in serving Gruma, she was diligent in effecting service upon Calidad and Mission.  Assuming James is asserting the equitable exception doctrine, she does not explain why diligence in attempting service on Mission and Calidad excuses her delay in serving Gruma.  
See
 
Tex. R. App. P.
 38.1(h); 
Knoll v. Neblett
, 966 S.W.2d 622, 639 (Tex. App.—Houston [14
th
 Dist.] 1998, pet. denied).  Further, she offered no evidence to support the application of the doctrine.  
S
ee McCord v. Dodds
, 69 S.W.3d 230, 234-35 (Tex. App.—Corpus Christi 2001, pet. denied) (“This equitable exception to a limitations bar is narrowly limited to situations where the intended defendant and the defendant named in the petition are both entities with a business relationship.”); 
see also Gentry v. Credit Plan Corp
.
, 528 S.W.2d 571, 573-75 (Tex. 1975) (holding, based on considerable amount of evidence that party initially served was alter ego of party served after passage of limitations period, that service on alter ego tolled running of limitations period on subsequently served party).

Appearance as Waiver of Service

James next contends that summary judgment was improper because Gruma’s plea in abatement constituted an answer and appearance in the suit; thus, Gruma waived any defect in service.  
See Alcala v. Williams
, 908 S.W.2d 54, 56 (Tex. App.—San Antonio 1995, no writ); 
Schulz v. Schulz
, 726 S.W.2d 256, 258 (Tex. App.—Austin 1987, no writ).  Gruma contends that James did not preserve this issue for review.  However, James alleged in her response to Gruma’s motion for summary judgment that Gruma’s plea in abatement constituted an appearance in the suit and that Gruma entered the suit by filing the plea in abatement.  Although James did not expressly allege that Gruma waived any complaint about defective service by appearing in the suit, this contention is apparent from the context of her response.  
See
 
Tex. R. App. P.
 33.1(a)(1)(A).  Thus, we hold that she preserved this issue for review.

A party’s general appearance in a suit does not waive service of process when the appearance occurs after the limitations period has run and the plaintiff has not used due diligence in serving the party.  
Seagraves v. City of McKinney
, 45 S.W.3d 779, 783 (Tex. App.—Dallas 2001, no pet.); 
Taylor v. Thompson
, 4 S.W.3d 63, 66 (Tex. App.—Houston [1
st
 Dist.] 1999, pet. denied).  Gruma filed its plea in abatement on October 22, 2001, five months after James filed suit and after the expiration of the limitations period, for the purpose of asking the court for additional time to allow James to name and properly serve Gruma 
if
 she wished to do so.
  We have already determined that James did not present any summary judgment evidence showing that she was diligent in serving Gruma.  Accordingly, we hold that Gruma’s plea in abatement filed after the statute of limitations had expired did not waive the running of the statute of limitations as to Gruma.  
See
 
Seagraves
, 45 S.W.3d at 783; 
Taylor
, 4 S.W.3d at 66.

Misnomer, Misidentification, and Assumed Names

James further contends that misnomer, misidentification, and assumed names between Gruma, Calidad, and Mission permitted amendment of her pleadings to add Gruma as a defendant after the limitations period had expired.  A misnomer occurs when the plaintiff misnames either herself or the correct defendant, but the correct parties are actually served.  
Diamond v. Eighth Ave. 92, L.C.
, 105 S.W.3d 691, 695 (Tex. App.—Fort Worth 2003, no pet.).  In misnomer cases, limitations is tolled and a later amendment of the petition relates back to the date of the original petition—primarily because the party intended to be sued has been served and put on notice that it is the intended defendant.  
Id
.

Misnomer is not applicable here.  Nothing in the summary judgment record indicates that James intended to sue Gruma instead of Calidad.  The facts of this case are similar to those of 
Diamond v. Eighth Avenue 92, L.C.
, in which the plaintiff, intending to sue the owner of Medical Plaza for premises liability, sued Health Care Corporation of America when the actual owner was Eighth Avenue 92, L.C.  
Id
. at 693.  This court held that misnomer was not applicable because the appellant “did not merely misname the correct defendant, as contemplated by misnomer;  she filed suit against and served the wrong entity entirely.”  
Id
. at 695.  Accordingly, we hold that the doctrine of misnomer cannot be used to relate back the date James filed the amended petition naming Gruma as a defendant to the date she filed her original petition.

Misidentification occurs when two separate legal entities with similar names actually exist and the plaintiff sues the wrong one because she is mistaken about which entity is the correct defendant.  
Id
.  The theory of misidentification does not apply in this case.  Calidad and Gruma, while separate legal entities, do not share similar names.  Thus, misidentification does not apply.

James further claims that she presented evidence raising a fact issue as to whether Gruma, Mission, and Calidad were operating under assumed names.  James attached to her summary judgment response copies of records of the Texas Comptroller of Public Accounts showing that Calidad’s address was “1159 Cottonwood Ln Irving, TX 75038-6107“ and Gruma’s address was “1159 Cottonwood Ln Ste 200 Irving TX 75038-6109.”  She further points to (1) Gruma’s admission that it was operating the facility during the time James was injured, (2) the fact that she served Calidad through “Patti Merito[,] Registered Agent for Mission Foods” at Gruma’s address, and Merito notarized Gruma’s pleas in abatement, and (3) Gruma’s acknowledgment in its plea in abatement that James “served Gruma with a citation directed to Calidad,” as creating a fact issue on whether Gruma, Mission, and Calidad were operating under assumed names.

There is no evidence in the record sufficient to create a fact issue as to whether Gruma, Calidad, and Mission were operating under assumed names.  The summary judgment evidence shows that:  Gruma is a Nevada corporation with a charter date of May 31, 1994; Mission is a California corporation with a charter date of May 7, 1992; and Calidad is a Texas corporation with a charter date of June 30, 1997.  There is no evidence that any of the corporations has common ownership or control or that any of the corporations held itself out as or did business under the name of the others.  The record does not indicate why James initially sued Mission and Calidad as opposed to Gruma.  In addition, there is no evidence indicating why Merito accepted service on behalf of Calidad or whether she is a common officer or employee of both corporations.  The summary judgment record shows at most that Calidad and Gruma are separate corporations with the same business address.  This is not enough to create a fact issue as to whether Gruma operated under the name Calidad or Mission or vice versa.

Conclusion

Having determined that James did not present any evidence to defeat Gruma’s entitlement to summary judgment on its affirmative defense of limitations, we overrule James’s sole issue on appeal.  We affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED:  February 12, 2004