

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-027-CV

TERRY SIMMONS                                                    APPELLANT

V.

ELMOW HOLDINGS, INC. F/K/A                                        APPELLEE
RIO PUMPING SERVICES, INC.

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

This is an appeal from a summary judgment rendered against appellant
Terry Simmons on statute of limitations grounds in his personal injury suit
against appellee Elmow Holdings f/k/a Rio Pumping Services, Inc. In four
points, appellant argues that the trial court erred by granting summary judgment

---

[1] *See* TEX. R. APP. P. 47.4.

because (1) appellee should have been estopped from asserting a limitations defense when it did not serve appellant with its pleading, (2) there were disputed issues of material fact as to whether appellant exercised due diligence in obtaining service, (3) appellant was not given the opportunity to amend his summary judgment evidence affidavits to correct technical errors, and (4) there were disputed issues of material fact regarding the date the cause of action accrued. We affirm.

## II. Background Facts

In May 2006, appellant sued appellee for damages arising from a chemical spill that occurred in May 2004. Appellant did not successfully serve appellee before the two year limitations period expired. In June 2006, after the limitations period had expired, Liberty Mutual Fire Insurance Company, appellee's workers' compensation insurance carrier, filed a plea in intervention. Appellee answered the plea in intervention in September 2006 but did not provide its answer to appellant. Appellant never effected service of citation upon appellee in the underlying lawsuit.

In March 2007, appellee filed its original traditional motion for summary judgment for failure to timely effectuate service and for failure to use due diligence to effectuate service. Appellee later withdrew its motion after being unable to answer the trial court's question at the summary judgment hearing

2

regarding whether a party can move for summary judgment if it has not answered and there are no affirmative defenses to the claims. In May 2007, appellee filed its first amended answer and affirmative defenses to appellant's original petition. Shortly thereafter, appellee also filed its first amended traditional motion for summary judgment based on appellant's failure to timely serve appellee within the limitations period. The trial court granted appellee's motion, and appellant timely filed this appeal.

### III. Standard of Review

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see* TEX. R. CIV. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison County Hous. Fin.,* 988 S.W.2d 746, 748 (Tex. 1999); *Dean v. Frank W. Neal & Assocs., Inc.,* 166 S.W.3d 352, 355 (Tex. App.—Fort Worth 2005, no pet.). Thus, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury. *KPMG Peat Marwick,* 988 S.W.2d at 748; *Dean,* 166 S.W.3d at 355–56. If the movant establishes that the statute of limitations bars the actions, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick,* 988 S.W.2d at 748; *Dean,* 166 S.W.3d at 356.

### IV. Motion for Sanctions

In his first point, appellant argues that the trial court erred in not sanctioning appellee by prohibiting it from asserting a limitations defense because appellee did not serve appellant with its answer to the plea in intervention, which is required by Texas Rule of Civil Procedure 21. *See* TEX. R. CIV. P. 21.

4

**A.    Standard of Review**

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific ground for the desired ruling, if it is not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). The objecting party must get a ruling from the trial court. This ruling can be either express or implied. *Frazier v. Yu,* 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied). If trial judge refuses to rule, an objection to the refusal to rule is sufficient to preserve error. TEX. R. APP. P. 33.1(a)(2).

**B.    Analysis**

On April 26, 2007, appellant moved for sanctions under Texas Rule of Civil Procedure 21b, which provides that

> [i]f any party fails to serve on or deliver to the other parties a copy of any pleading, plea, motion, or other application to the court for an order in accordance with Rules 21 and 21a, the *court may in its discretion, after notice and hearing, impose an appropriate sanction* available under Rule 215-2b.

TEX. R. CIV. P. 21b (emphasis added). Appellant claimed in his motion for sanctions that because appellee failed to serve appellant with a copy of its answer to the plea in intervention, appellee should be prohibited from asserting

5

a statute of limitations defense against him. The record, however, does not show that appellant ever set a hearing or obtained a ruling from the trial court on his motion for sanctions. Therefore, appellant failed to preserve his complaint for review. *See* TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1); *Bushell*, 803 S.W.2d at 712. We overrule appellant's first point.

### V. Disputed Issues of Material Fact

In his second and fourth points, appellant argues that the trial court erred by granting summary judgment because there were disputed issues of material fact, including when the cause of action accrued and whether appellant exercised due diligence in obtaining service. Additionally, in point three, appellant complains that the trial court erred by not permitting him to amend his summary judgment affidavits, which he contends evidenced that he used due diligence to effect service.[2]

### A.    Effecting Service Outside the Limitations Period

A suit for personal injuries must be brought within two years from the time the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2007); *Proulx v. Wells,* 235 S.W.3d 213, 215 (Tex. 2007). But a timely filed suit will not interrupt the running of limitations unless

---

[2] We will address appellant's point three in conjunction with point two because they both relate to appellant's due diligence in serving appellee.

the plaintiff exercises due diligence in the issuance and service of citation. *Proulx,* 235 S.W.3d at 215; *James v. Gruma Corp.,* 129 S.W.3d 755, 759 (Tex. App.—Fort Worth 2004, pet. denied). If service is diligently effected after the limitations has expired, the date of service will relate back to the date of filing. *Proulx,* 235 S.W.3d at 215; *James,* 129 S.W.3d at 759. Due diligence is the diligence an ordinarily prudent person would use under the same or similar circumstances. *Proulx,* 235 S.W.3d at 216; *James,* 129 S.W.3d at 759. The duty to use due diligence continues from the date suit is filed until the date the defendant is served. *James,* 129 S.W.3d at 759.

Whether a plaintiff was diligent in serving the defendant is normally a question of fact, but if no excuse is offered for the delay or if the lapse of time coupled with the plaintiff's acts conclusively negate diligence, lack of diligence will be found as a matter of law. *Id*. A fact issue exists if the plaintiff gives a valid or reasonable explanation for the delay. *Id*. Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay. *Proulx,* 235 S.W.3d at 216. In some instances, the plaintiff's explanation may be legally improper to raise the diligence issue and the defendant will bear no burden at all. *Id.* In other instances, the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more

7

lapses between service efforts are unexplained or patently unreasonable. *Id*. But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Id*.

## B.  The Date the Cause of Action Accrued

Appellant argues that there are disputed issues of material fact regarding the date the cause of action accrued.  Specifically, he claims that the only evidence in the record concerning the date the cause of action accrued is in his own statement referencing the date of the accident and explaining his injuries (Exhibit E of appellee's first amended traditional motion for summary judgment) and an accident report by appellant's employer Key Energy (Exhibit F of appellee's first amended traditional motion for summary judgment) and that these are inadmissible unsworn hearsay statements.  Appellee, however, contends that appellant judicially admitted the date the cause of action accrued and that the exhibits fall under the business records exception to the hearsay rule.

### 1.  Applicable Law

A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue, has conclusive effect, and bars the

admitting party from disputing the admitted fact. *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 568 (Tex. 2001); *Lee v. Lee,* 43 S.W.3d 636, 641 (Tex. App.—Fort Worth 2001, no pet.). Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. *Holy Cross,* 44 S.W.3d at 568; *Green v. Ransor, Inc.,* 175 S.W.3d 513, 517–18 (Tex. App.—Fort Worth 2005, no pet.). Although pleadings generally do not constitute summary judgment proof, if a plaintiff's pleadings contain judicial admissions negating a cause of action, summary judgment may properly be granted on the basis of the pleadings. *Commercial Structures & Interiors, Inc. v. Liberty Educ. Ministries, Inc.,* 192 S.W.3d 827, 835 (Tex. App.—Fort Worth 2006, no pet.). Additionally, we have discretion to accept statements made in the briefs as true. *Jansen v. Fitzpatrick,* 14 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

### 2. Analysis

Appellant alleged in his original petition and first amended original petition that the accident occurred "on or about May 26, 2004." Appellant's statement that the accident occurred "on or about May 26, 2004" is an assertion of fact in appellant's live pleadings and thus a judicial admission. *See Holy Cross,* 44 S.W.3d at 568; *Green,* 175 S.W.3d at 517–18. Therefore, because appellant judicially admitted the date that the accident occurred, he may not argue now

that a fact issue exists as to when the cause of action accrued. *See Holy Cross,* 44 S.W.3d at 568; *Green,* 175 S.W.3d at 517–18 (stating that "appellant may not argue now that a fact issue exists as to whether the accident occurred around 9:30 a.m. or 9:30 p.m., having earlier alleged in his petition that the accident occurred around 9:30 p.m"). Additionally, appellant asserted in the "Statement of the Case" and "Statement of Facts" in his appellate brief that the incident occurred on May 26, 2004. *See Jansen,* 14 S.W.3d at 431.

Moreover, the trial court properly overruled appellant's objections to appellee's Exhibits E and F by implication when it granted appellee's motion for summary judgment because the documents contain admissions by a party opponent and are also business records. *See* TEX. R. EVID. 801(e)(2), 803(6). Thus, there is no disputed fact issue about the date the cause of action accrued. *See Proulx,* 235 S.W.3d at 216; *James,* 129 S.W.3d at 759–60.

**C.    Diligence in Effecting Service**

Appellant also argues that there are disputed issues of material fact regarding whether he exercised due diligence in obtaining service. Specifically, appellant argues that appellee's affidavit by Brad Elenberg, its registered agent, is not competent summary judgment evidence; that appellee appeared in the suit when it filed an answer to the plea in intervention; that there was no

significant lapse of time between the filing of the suit and appellee's appearance in the suit; that appellant brought forth sufficient summary judgment evidence in his affidavits that due diligence was used to issue citation; and that the trial court erred by not permitting him to amend his summary judgment affidavits.

### 1. Brad Elenburg's Affidavit

Appellant argues that Elenburg's affidavit was insufficient summary judgment evidence because it did not state how long Elenburg had been the registered agent for appellee, provided a contrary address for service than what was listed with the Secretary of State, and did not have an exhibit attached.[3] As previously discussed, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling to preserve a complaint for our review. TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell*, 803 S.W.2d at 712.

In this case, appellant objected to appellee's Exhibits E and F, but he did not object to Elenburg's affidavit, Exhibit C. Because appellant failed to include Exhibit C in his objections to appellee's summary judgment evidence, he cannot

---

[3] The text of the affidavit references an attached exhibit, but there is no attachment.

11

now complain that the affidavit is insufficient evidence; thus, appellant did not preserve his complaint for review. *See* TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1); *Bushell*, 803 S.W.2d at 712.

### 2. Appearance as Waiver of Service

Appellant also contends that appellee's filing an answer to the plea in intervention constituted a general appearance. Appellant also claims that because appellee made a general appearance, there was no significant lapse of time between the filing of the suit and appellee's appearance.

A party's general appearance in a suit does not waive service of process when the appearance occurs *after* the limitations period has run and the plaintiff has not used due diligence in serving the party. *James,* 129 S.W.3d at 760; *see Seagraves v. City of McKinney,* 45 S.W.3d 779, 783 (Tex. App.—Dallas 2001, no pet.) (holding that general appearance by defendant did not waive statute of limitations defense when plaintiff failed to exercise due diligence in effecting service until after the statute of limitations expired); *cf. Baker v. Monsanto Co.*, 111 S.W.3d 158, 160–61 (Tex. 2003) (holding that because defendant made general appearance when it answered plaintiff's complaint *within* limitations period, intervenors' claims were not barred).

In this case, the accident occurred on or about May 26, 2004, and appellant filed his first original petition on May 23, 2006, three days before the

12

limitations period expired. After limitations expired, Liberty Mutual filed a plea in intervention in June 2006, and appellee filed an answer to the plea in intervention in September 2006. Although Liberty Mutual served appellee with the plea in intervention, appellant *never* effected service on appellee in the underlying lawsuit, even after appellee answered Liberty Mutual's intervention. Thus, appellee's answer to the plea in intervention did not constitute a general appearance that would waive the need for due diligence in effecting service in the underlying suit because the plea in intervention was filed and answered *after* the limitations period had expired. *See James,* 129 S.W.3d at 760; *Seagraves,* 45 S.W.3d at 783. In other words, because the plea in intervention and appellee's answer to the plea in intervention occurred after the limitations period expired, appellee did not waive its right to complain about lack of service. *See James,* 129 S.W.3d at 760; *Seagraves,* 45 S.W.3d at 783

### 3.    Barry Johnson's and Dan Sirek's Affidavits

Appellant also argues that he provided sufficient summary judgment evidence that he exercised due diligence to effect service through affidavits from his attorney and process server and that if those affidavits were not sufficient, the trial court erred by not allowing him to amend them.

Appellant attached attorney Barry Johnson's and process server Dan Sirek's affidavits to his summary judgment response as evidence of his due

diligence. In the first affidavit, Barry Johnson averred that he "requested that citation be issued, and citation was paid for in accordance with the rules for fax filing in Tarrant County, Texas." He furthered averred that "it was our normal office procedure for us to contact Dan Sirek for the purpose of obtaining service . . . and the records of the District Clerk's office indicate that Dan Sirek picked up citation . . . on June 1, 2006." Johnson stated that at some point, "Dan Sirek returned the citation to our office, and communicated that he had been unable to obtain service." Johnson also averred, "I attempted at all times to exercise due diligence in obtaining service."

In the second affidavit, process server Dan Sirek averred that in May 2006, he "was contacted by the office of Ted Machi and [a]ssociates, P.C., concerning Simmons vs. Elmow Holdings . . . [and] told that the suit had been filed and that [he] should pick up the citation and effectuate service." He averred that

> [t]he records of the Tarrant County District Clerk's office indicate that I picked up the citation for Elmow Holdings, Inc. on June 1, 2006.
> It is my normal practice to try to effectuate service as soon as possible when I receive a citation.
> I have been unable so far to locate my records concerning this matter. I have been informed by the office of Ted Machi and Associates, P.C., that I returned the citation to their office unserved.
> Normally, I would return a citation if I had made attempts to serve the citation at the address indicated. I believe that I did so

14

in this case, but I am currently unable to locate my records, and I do not have an independent recollection of it.

At the June 28, 2007 hearing on appellee's first amended traditional motion for summary judgment, appellee objected to appellant's affidavits. Specifically, appellee objected that the affidavits were invalid because, among other things, they were not based on personal knowledge and because they contained inadmissible hearsay. Appellant requested permission to amend the defects in the affidavits, and the trial court denied that request. The trial court sustained appellee's objections to the affidavits.

We will first address appellant's contention that the trial court erred by denying appellant's request to amend his affidavits. Appellant contends that he should have been allowed to amend because the defects were defects of form. *See* TEX. R. CIV. P. 166a(f) (stating that defects in the form of affidavits will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend). But although some of the complained of defects relate to form, others to which appellee also objected to, such as conclusory statements, are defects of substance. *Torres v. GSC Enters., Inc.,* 242 S.W.3d 553, 559 (Tex. App.—El Paso 2007, no pet.). A trial court is only required to allow amendments to defects of form. *Bell v. Moores*, 832 S.W.2d 749, 756 (Tex. App.—Houston [14th Dist.] 1992,

15

writ denied). Here, even if the trial court had improperly denied appellant the opportunity to amend his affidavits as to defects of form, the substance of the affidavits did not contain any information explaining what efforts were taken to effect service on appellee. Appellant did not provide any information in his affidavits as to what happened in the time period between June 2006, when Sirek picked up the citation from the district clerk's office, and September 2006, when appellee filed its answer to the plea in intervention. Thus, allowing appellant to amend his affidavits as to the defects in form would not have cured the lack of substantive detail to provide a valid or reasonable explanation for the delay in service. *See James,* 129 S.W.3d at 759. The affidavits were substantively inadequate to raise a disputed material fact issue as to appellant's due diligence. *Id.; see also Proulx,* 235 S.W.3d at 216. The trial court did not err by denying appellant's request to amend or by sustaining appellee's objections to appellant's affidavits.

Furthermore, because appellant's affidavits were properly excluded, the record does not contain any evidence regarding appellant's efforts to effect service. In fact, the only evidence in the record established that no service was effected between May 26, 2004, and December 15, 2006. Accordingly, appellant failed to raise a disputed fact issue on his due diligence excuse by providing a valid or reasonable explanation for his delay in effecting service.

16

Therefore, appellee's summary judgment evidence proved as a matter of law that appellant did not use due diligence in serving him and that appellant's suit was barred by limitations. *See Proulx,* 235 S.W.3d at 216; *James,* 129 S.W.3d at 759–60.

In sum, appellant failed to raise any disputed material fact issues regarding when the cause of action accrued or whether he exercised due diligence in effecting service. *See Proulx,* 235 S.W.3d at 216; *James,* 129 S.W.3d at 759–60. We overrule appellant's second, third, and fourth points.

## VI. Conclusion

Having overruled appellant's four points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and McCOY, JJ.

DELIVERED: July 10, 2008