COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-369-CV

 

 

KEITH D. JOHNSON                                                             APPELLANT

 

                                                   V.

 

CITY OF FORT WORTH D/B/A                                                  APPELLEE

FORT WORTH CITY POLICE 

DEPARTMENT

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction

Appellant Keith D. Johnson appeals the trial
court=s
decision to grant appellee City of Fort Worth d/b/a Fort Worth City Police
Department=s traditional motion for summary
judgment.  We affirm.








                                        Background
Facts

The relevant, undisputed facts that form the
basis of this appeal are as follows.  On
November 7, 2007, Johnson filed his original petition against appellee,
alleging that appellee denied him reemployment as a police officer because he
is black.  The petition asserted that
Johnson had filed a charge of discrimination with the Texas Workforce
Commission (TWC) and that he had received TWC=s letter
informing him of his right to sue before filing the petition.[2]  The petition further stated that it could be
served on ACounty Judge, B. Glen Whitley.@








After receiving no answer to the petition, while
preparing to file a default judgment motion, Johnson=s
counsel determined that she had incorrectly served Whitley.  Thus, on December 26, 2007, Johnson amended
his petition to replace Whitley with Fort Worth Mayor Mike Moncrief.[3]  On January 8, 2008, appellee answered the
petition by asserting a general denial as well as several affirmative defenses,
including that Johnson=s claim was barred by the
statute of limitations contained in section 21.254 of the labor code.  See Tex. Lab. Code Ann. ' 21.254
(Vernon 2006).

In April 2008, appellee filed a motion for
summary judgment on the basis of its statute of limitations defense.  In its motion, appellee admitted that Johnson
timely filed a discrimination charge with TWC and that he timely filed his
original petition after receiving the notice of his right to sue.  However, appellee contended that Johnson=s suit
was nonetheless barred because he did not serve appellee with the lawsuit until
more than fifty days after the statutory limitations period expired.

In June 2008, Johnson filed his response to
appellee=s
motion, asserting that the inadvertent designation in his original petition of
Whitley rather than Mayor Moncrief as the city=s agent
for service did not create a bar to his suit by the labor code=s
statute of limitations because he was still diligent in serving Mayor
Moncrief.  The trial court granted
appellee=s motion
and dismissed all of Johnson=s claims
with prejudice.  Johnson timely filed his
notice of this appeal.








                                Summary
Judgment Standards








We must use the standards related to a
traditional motion for summary judgment under rule of civil procedure 166a(c)
to determine whether appellee rightfully prevailed on its statute of
limitations affirmative defense.[4]  See Tex. R. Civ. P. 166a(c); Rivera
v. Countrywide Home Loans, Inc., 262 S.W.3d 834, 840 (Tex. App.CDallas
2008, no pet.); Salahat v. Kincaid, 195 S.W.3d 342, 343 (Tex. App.CFort
Worth 2006, no pet.).  In a summary
judgment case, the issue on appeal is whether the movant met the summary
judgment burden by establishing that no genuine issue of material fact exists
and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Sw. Elec. Power
Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  A defendant is entitled to summary judgment
on the affirmative defense of limitations if the defendant conclusively proves
all the elements of the defense.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); see Tex. R. Civ. P.
166a(b), (c).

    The Statute of Limitations
Created by Section 21.254 of the Labor Code

             and the Requirement
of Due Diligence in Serving a Citation

 

Chapter 21 of the labor code creates a
comprehensive administrative review system for obtaining relief from unlawful
employment practices.  See Tex.
Lab. Code Ann. '' 21.001B.107
(Vernon 2006); Tarrant County v. Vandigriff, 71 S.W.3d 921, 924 (Tex.
App.CFort
Worth 2002, pet. denied).  After
following the initial procedures related to a claim against an employer under
that chapter, a plaintiff must file a civil action within sixty days of its
receipt of TWC=s notice that the plaintiff may
sue.  Tex. Lab. Code Ann. ' 21.254;
see Vandigriff, 71 S.W.3d at 924; Roberts v. Padre Island
Brewing Co., 28 S.W.3d 618, 621 (Tex. App.CCorpus
Christi 2000, pet. denied).








When a suit under the labor code is filed within
the sixty-day period, it may be properly served outside of that period only
where the plaintiff has exercised due diligence in obtaining service.  See Vandigriff, 71 S.W.3d at 924B25;
Roberts, 28 S.W.3d at 621.  In other
words, Awhen a
plaintiff files suit within the limitations period, but does not serve the
defendant until after the statutory period has expired, the date of service
relates back to the date of filing only if the plaintiff continuously exercised
due diligence in effecting service of citation upon the defendant.@  Roberts, 28 S.W.3d at 621; see
Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007); Vandigriff, 71
S.W.3d at 924.  The existence of such
diligence is Ausually a question of fact.@  Roberts, 28 S.W.3d at 622; see
Vandigriff, 71 S.W.3d at 925 (noting, however, that if Ano
excuse is offered for a delay or if the lapse of time and a plaintiff=s acts
are such as to conclusively negate diligence, lack of diligence will be found
as a matter of law@).








The standard of due diligence is based on the
care that an ordinarily prudent person would have used under the same or
similar circumstances from the date the suit was filed until the date it was
served.  Proulx, 235 S.W.3d at
216; James v. Gruma Corp., 129 S.W.3d 755, 759 (Tex. App.CFort
Worth 2004, pet. denied); Vandigriff, 71 S.W.3d at 925.  When a defendant asserts its limitations
defense based upon service of process outside of the limitations period, the
burden shifts to the plaintiff to demonstrate that it used due diligence.  Proulx, 235 S.W.3d at 216.  However, if the Aplaintiff=s
explanation for the delay raises a material fact issue concerning the diligence
of service efforts, the burden shifts back to the defendant to conclusively
show why, as a matter of law, the explanation is insufficient.@  Id. 
It is not the period of delay, but rather the diligence in pursuing
service of process, that is the determinative factor.  See Johnson v. City of Houston, 203
S.W.3d 7, 10 (Tex. App.CHouston [14th Dist.] 2006, pet.
denied).

The parties agree that Johnson received TWC=s right
to sue letter on September 10, 2007 and that he filed his suit on November 7,
2007, which is within the sixty-day period provided by section 21.254.  The parties also agree that appellee was not
served until January 2, 2008, more than fifty days after the statutory period
expired.  Therefore, we must determine
whether, as a matter of law, Johnson was not diligent in serving appellee
because he mistakenly named and served Whitley rather than Mayor Moncrief with
his original petition.  See Proulx,
235 S.W.3d at 216.








Authority indicates that the diligence analysis
extends to the plaintiff=s initial determination of who
to serve with its petition.  For
instance, in Nabelek v. City of Houston, the Houston (First District)
Court of Appeals concluded that a lack of diligence in service was established
as a matter of law because (in part) the plaintiff initially attempted to serve
his petition on the city=s legal counsel.  No. 01‑06‑01097‑CV, 2008 WL
5003737, at *7B9 (Tex. App.CHouston
[1st Dist.] Nov. 26, 2008, no pet.) (mem. op.). 
After noting that the city=s
correct agent for service is set forth by statute, the court stated that it was
ANabelek=s
responsibility to ascertain the proper person to serve, to request that
citation be issued on that person, to ensure that service was executed on that
person, and to do so with due diligence.@  Id. at *8.

Similarly, in Hoehn v. Dallas County Mental
Health and Mental Retardation Center, the Dallas Court of Appeals examined
whether Hoehn was diligent in serving her citation six months following the
expiration of a two-year limitations period when she initially incorrectly
served a county judge as the purported agent for the defendant.  No. 05‑94‑01515‑CV, 1995 WL
500271, at *2 (Tex. App.CDallas Aug. 16, 1995, no writ)
(not designated for publication).  Hoehn
argued that there was a 

fact issue as to whether
she used due diligence because she believed she served MHMR on August 18, 1992,
when she served [the county judge]. 
Specifically, she maintain[ed] she was Aunder the impression@ [the county judge] was
the proper party for service of process because MHMR is listed in the phone
book under ADallas County@ and [the county judge]
is the proper agent for service on Dallas County.

 

Id.  The court
of appeals framed the issue as whether AHoehn=s
explanation that she served the wrong person raise[d] a fact issue on due
diligence.@ 
Id. at *3.  The court then
concluded that the explanation did not raise such a fact issue, reasoning,








Under [the civil
practices and remedies code], Hoehn should have served the administrative head
of MHMR.  The administrative head of MHMR
was Don Gilbert.  [The county judge] is
not and has never been the administrative head of MHMR.  Hoehn offers no explanation for her failure
to comply or attempt to comply with the statute.  Nor did Hoehn contact Gary W. Sibley, the
attorney representing MHMR, to ascertain the proper agent for service of
process.

 

. . . .

 

We conclude Hoehn=s explanation that she served the wrong party
does not raise a fact issue on due diligence. 
The Texas Civil Practices and Remedies Code makes clear the correct
agent for service on MHMR would be Don Gilbert, the administrative head of
MHMR.  Hoehn=s mistake, in the face of
an explicit statute, and her failure to learn of her mistake for five months is
not consistent with due diligence.

 

Id. (citation omitted); see also Leal v. City of
Rosenberg, No. 07‑00‑00140‑CV, 2001 WL 476511, at *4
(Tex. App.CAmarillo May 7, 2001, no pet.)
(not designated for publication) (stating that A[r]equesting
service upon the wrong individual is not ordinary prudence in securing service@); cf.
Sibley v. Kaiser Found. Health Plan of Tex., 998 S.W.2d 399, 405B06 (Tex.
App.CTexarkana
1999, no pet.) (holding that though the plaintiff initially attempted to serve
the wrong party in a suit under section 21.254 of the labor code, he was
nonetheless diligent in serving the suit on the correct party after limitations
expired because Aany confusion was caused by [the
defendant=s] use of multiple names for its
various organizations and the apparent inability of its registered agent to
provide information that would permit a party to pinpoint [its] actual name@).








We believe that these persuasive decisions stand
for the proposition that the matter of diligence in service beyond the
expiration of a limitations period applies to the plaintiff=s
initial determination of who to serve.  See
also James, 129 S.W.3d at 759 (stating that the duty of diligence in
service begins on the Adate suit is filed@).  We agree with that concept, and we therefore
conclude and hold that Johnson was required to be diligent in his initial
designation of appellee=s service agent.

Johnson has not cited any summary judgment
evidence indicating that he was diligent in his initial designation of Whitley
as appellee=s service agent by making
reasonable (though ultimately faulty) efforts to determine the correct service
agent.  Instead, he has merely
characterized his naming of Whitley as appellee=s agent
for service in his initial petition as an Ainadvertent
mistake.@

Further, Johnson=s
counsel=s
affidavit (attached to Johnson=s
summary judgment response) affirmatively demonstrates a lack of diligence in
the initial determination of appellee=s proper
agent for service.  It states, 

The time frame for an
answer came and went with no answer filed by [appellee].  I then had my staff call to see how long the
Citation of Service had been filed in preparation of filing a Motion for
Default Judgment.  In the process  of looking at the service that had been
obtained, I noted that it had been served on the County Judge and the Plaintiff
had sued the City.  I immediately
checked as to who would obtain service for the City.  I amended [the petition] and once again made
arrangements to have a process server serve the citation . . . . [Emphasis
added.]








This explanation demonstrates that Johnson=s
counsel waited until after her discovery that the petition had been improperly
served, and therefore after the statutory limitations period had expired, to
investigate appellee=s proper agent for service.  As noted above, appellee=s
correct agent in this regard is specifically set forth by a statute; this
statute could have been followed with reasonable diligence.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 17.024(b).  Under these circumstances, we cannot conclude
that Johnson met his burden to raise any material fact issue demonstrating his
due diligence in serving appellee correctly. 
See Proulx, 235 S.W.3d at 216.








Johnson also contends that appellee suffered no
prejudice from being served with the petition just over fifty days after the
limitations period expired.  First,
Johnson has cited no authority indicating that prejudice is relevant to a
statute of limitations defense when the correct defendant is sued but it is
improperly served.[5]  Second, though approximately fifty days may
be a short amount of time relative to the delays of service in the cases cited
above, it is still almost the full length of the statutory limitations period
created by section 21.254.  See Tex.
Lab. Code Ann. ' 21.254; see also Windle v.
Mary Kay, Inc., No. 05‑02‑00252‑CV, 2003 WL 21508782, at
*1B3 (Tex.
App.CDallas
July 1, 2003, pet. denied) (mem. op.) (affirming the trial court=s
decision to grant the defendant=s
summary judgment motion under the statute of limitations in section 21.254 when
service of the citation was less than forty days late); Roberts, 28 S.W.3d
at 621B22
(determining that a seventy-six day delay in service of a claim filed under
section 21.254 provided a sufficient ground for dismissal under the statute of
limitations).

For all of these reasons, we hold that Johnson=s
service of his petition on appellee does not relate back to the day he
originally filed it, that appellee established its statute of limitations
defense as a matter of law, and that the trial court therefore properly granted
appellee=s
summary judgment motion.  Thus, we
overrule Johnson=s second issue.

                                             Conclusion

Having overruled both of Johnson=s
issues, we affirm the trial court=s
judgment.

TERRIE
LIVINGSTON

JUSTICE

 

 

PANEL:  LIVINGSTON, MCCOY and MEIER, JJ.

 

DELIVERED:  March 26, 2009











[1]See Tex. R. App. P. 47.4.





[2]In part, TWC=s letter states, AThis notice is to advise
you of your right to bring a private civil action in state court in the
above-referenced case.  YOU HAVE
SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.@





[3]In a suit against a city,
citation may be served only on the city=s mayor, clerk, secretary, or treasurer.  Tex. Civ. Prac. & Rem. Code Ann. ' 17.024(b) (Vernon
2008); see Skaggs v. City of Keller, 880 S.W.2d 264, 266 (Tex. App.CFort Worth 1994, writ
denied).  A deputy constable served Mayor
Moncrief with the amended petition on January 2, 2008.





[4]Johnson raised two issues
in his appellate brief.  The first issue
regarded whether the analysis in this appeal should be based on traditional or
no-evidence summary judgment standards; the issue resembles a discussion
regarding our standard of review rather than a ground for reversal of the trial
court=s judgment.  Johnson argued, appellee conceded, and we
conclude that our review of the trial court=s decision should be based on the traditional
standards set forth by rule 166a(c).  See
Tex. R. Civ. P. 166a(c).  Because we
will review the trial court=s decision based on those standards on a de novo
basis, we overrule Johnson=s first issue to the extent that it implicitly
contends that the trial court evaluated appellee=s summary judgment motion
on other summary judgment principles.  See
Gray v. Nash, 259 S.W.3d 286, 289 (Tex. App.CFort Worth 2008, pet.
denied).





[5]When a plaintiff
mistakenly sues the wrong party, limitations is tolled when the proper
defendant had notice of the suit and is not prejudiced by the mistake.  See Maher v. Herrman, 69 S.W.3d 332,
338 (Tex. App.CFort Worth 2002, pet.
denied).  Here, Johnson did not sue the
wrong party; he served the wrong agent.