Opinion issued October 14, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00880-CV

———————————

Rodrigo Scipiano, Appellant

V.

Alice
Smith-Moffett,
Appellee



 



 

On Appeal from the County Civil Court at Law Number Two

Harris County, Texas



Trial Court Case No. 942790

 



MEMORANDUM OPINION

          Appellant,
Rodrigo Scipiãno Magalhães Ragazzi (“Ragazzi”), brings this accelerated
interlocutory appeal from the trial court’s order denying Ragazzi’s special
appearance.  We affirm.

 

Background

          Ragazzi is a resident citizen
and domiciliary of Brazil.  While on
business in Houston, Ragazzi was driving a rental vehicle when he collided with
a Metropolitan Transit Authority bus.  Appellee,
Alice Smith-Moffett (“Moffett”), was a passenger on the bus who suffered injuries
as a result of the collision.  Moffett
filed suit alleging the trial court had jurisdiction over Ragazzi pursuant to
the Texas long-arm statute in section 17.062(a) of the Texas Civil Practice and
Remedies Code.[1]  Ragazzi was served with process through
Deirdre Delisi (“Delisi”), Chair of the Texas Transportation Commission as
agent for Ragazzi, a foreign resident.  After
receiving service of process by direct mail from Delisi to his home in Sao
Paulo, Brazil, Ragazzi filed a special appearance.  

          Brazil
and the United States are signatories to the Inter-American Convention on
Letters Rogatory (“IAC”), which provides a mechanism for serving letters rogatory
(letters of request) on a party residing in a signatory country.  See
Inter-American Convention on Letters
Rogatory, Jan. 30, 1975, S. Treaty Doc. No. 27, 98th Cong., 2d Sess.
(1984).  Article 10 of the IAC provides
that letters rogatory “should be executed in accordance with the laws and
procedural rules of the state of destination.” 
Id.  

          Brazilian
law requires that letters rogatory be served upon the Brazilian Minister of
Transportation, who then serves the process upon the Brazilian citizen.  Ragazzi therefore asserts that Brazilian law requires
that service of process by a foreign party upon a party domiciled in Brazil be
done through letters rogatory.  After a hearing,[2] the trial court disagreed
and denied Ragazzi’s special appearance.

Defective Service of Process

In his only issue, Ragazzi contends
that the trial court should have granted his special appearance on the basis
that Moffett failed to serve him with process in compliance with the IAC.  A special appearance is a specific procedural
mechanism to litigate one issue: that is, a special appearance is “for the
purpose of objecting to the jurisdiction of the court over the person or
property of the defendant on the ground that such party or property is not
amenable to process issued by the courts of this State.”  Tex. R.
Civ. P. 120a; see also Tex. Commerce Bank v. Interpol 1980 Ltd. P’ship,
703 S.W.2d 765, 775 (Tex. App.—Corpus Christi 1985, no writ).  The rule applies only when a defendant
contends he is not amenable to process.  See Kawasaki Steel Corp. v. Middleton,
699 S.W.2d 199, 201–02 (Tex. 1985); Oliver
v. Boutwell, 601 S.W.2d 393, 395 (Tex. Civ. App.—Dallas 1980, no writ).  The words “not amenable to process issued by
the courts of this state” mean that a special appearance is available solely to
establish that the Texas court cannot, under the federal and state
constitutions and the appropriate state statutes, validly obtain jurisdiction
over the person or the property of the defendant.  Kawasaki,
699 S.W.2d at 202.

The Texas Supreme Court held in Kawasaki that defective service of
process must be challenged by a motion to quash rather than by a special
appearance.  Id. This is because a curable defect in
service of process does not defeat a nonresident’s amenability to the court’s
process and serves only to provide the non-resident defendant with more time to
answer.  See id.; see also Tex. R. Civ. P. 122.

Applying the principles enunciated
in Kawasaki to the present case, we
conclude that it was not appropriate for Ragazzi to assert his complaint
regarding defective service of process in his special appearance.  Rather, a motion to quash is the appropriate
procedural device to raise such objection.  See
Wheat v. Toone, 700 S.W.2d 915, 915 (Tex. 1985); Tex. Dep’t of Pub. Safety v. Kreipe, 29 S.W.3d 334, 336 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied).  The
remedy for defective service in Texas state court is additional time to answer
the suit, not dismissal.  See Kawasaki, 699 S.W.2d at 202–03; Alcala v. Williams, 908 S.W.2d 54, 56
(Tex. App.—San Antonio 1995, no writ); see
also Tex. R. Civ. P. 122.
Accordingly, we hold that the trial court did not err in denying Ragazzi’s
special appearance on the basis that Moffett did not serve him with process in
accordance with the IAC.  See Wright v. Sage Eng’g, 137 S.W.3d
238, 246 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding that
complaint regarding curable defect in service of process does not defeat nonresident’s
amenability to court’s process; thus, it should not be brought via special
appearance).

We overrule Ragazzi’s sole issue.

Conclusion

We hold that the trial court properly denied Ragazzi’s
special appearance, and affirm the order of the trial court denying Ragazzi’s
special appearance.

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Massengale.

 

 











[1]
              See Tex. Civ. Prac. & Rem. Code. Ann. § 17.062(a) (Vernon 2008); Kerlin v. Sauceda, 263 S.W.3d 920, 926
(Tex. 2008) (section 17.062 permits substituted service on nonresident involved
in automobile accident in Texas by serving chairman of Texas Transportation
Commission).   





[2]
              The
appellate record contains no reporter’s record of the special appearance
hearing, but the parties filed an “Agreed Statement of the Case” containing
factual and procedural background.