

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00821-CV

Nicole Iris **VATCHER**,
Appellant

v.

Thomas R. **VATCHER**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-15189
Honorable John D. Gabriel, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  January 8, 2014

AFFIRMED

In this appeal from a final divorce decree, we consider whether the trial court erred when it denied appellant's challenge to the method by which she was served with appellee's petition for divorce and her challenge to the trial court's jurisdiction. We conclude the trial court did not err. Therefore, we affirm.

### BACKGROUND

Appellant, Nicole Vatcher, is a German citizen. Appellee, Thomas Vatcher, is a US citizen and active duty military who has designated Texas as his state of residence. Thomas and Nicole

were married in 1994 in Denmark. Bexar County, Texas is the last county in which the parties lived prior to Thomas's assignment to Germany where he, Nicole, and their two children are still living. Thomas petitioned for divorce in Bexar County, Texas, on September 16, 2011. Because the parties were living in Germany on a military installation at the time, Thomas served Nicole by certified mail at her Army post office ("APO") address on January 23, 2012.

On January 31, 2012, Nicole filed a pleading entitled "Plea in Abatement" in which she raised two arguments: first, Thomas did not comply with The Hague Convention when he served her at her APO address, and second, neither she nor Thomas had been a domiciliary of Texas for six months preceding the filing of the divorce petition. In her plea, Nicole asked that the cause be dismissed. Following a hearing on Nicole's plea, the trial court denied her requested relief.[1] The trial court later signed the final divorce decree, and this appeal by Nicole ensued.

**DISCUSSION**

We first address Nicole's argument that the trial court lacked jurisdiction because she was not served pursuant to The Hague Convention. A claim of a defect in service of process challenges whether the trial court's personal jurisdiction over the defendant has been properly invoked. *See Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.). However, defective service of process must be challenged by a motion to quash. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202-03 (Tex. 1985) ("We hold that . . . defective service of process, and defects in the citation must be challenged by a motion to quash, not a special appearance."). This is because a curable defect in service of process does not defeat a nonresident's amenability to the court's process and serves only to provide the non-resident defendant with more time to

---

[1] Nicole subsequently filed a pleading entitled "Motion to Dismiss for Lack of Jurisdiction With Affidavit (Plea to the Jurisdiction)," in which she again raised her Hague Convention argument and a forum non conveniens argument. The clerk's record on appeal does not contain a ruling on this motion/plea.

answer.  *Id.*; *Wright v. Sage Eng'g, Inc.*, 137 S.W.3d 238, 246 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

We will liberally construe that portion of Nicole's "plea in abatement" arguing Thomas did not comply with The Hague Convention as a "motion to quash" based on defective service.  *See Alcala v. Williams*, 908 S.W.2d 54, 56 (Tex. App.—San Antonio 1995, no writ) (construing plea in abatement on defective service as motion to quash); *Steve Tyrell Prods., Inc. v. Ray*, 674 S.W.2d 430, 435 (Tex. App.—Austin 1984, no writ) ("When a nonresident defendant attempts to challenge the manner of service or the form of process by way of a special appearance, such action should be treated as a motion to quash.").  However, the remedy for defective service in Texas state court is additional time to answer the suit, not dismissal.  *See Kawasaki*, 699 S.W.2d at 202-03; *Alcala*, 908 S.W.2d at 56 (holding trial court abused its discretion in dismissing case because appropriate remedy for plea in abatement was an extension of time to answer).  Here, Nicole asked for a dismissal based on Thomas's alleged failure to serve her pursuant to The Hague Convention, and not an abatement.  Therefore, we hold the trial court properly denied her request to dismiss due to defective service.

We next consider Nicole's jurisdictional argument that neither she nor Thomas "have met the dual requirement of being a domiciliary of Texas for six months next proceeding the filing of this suit and a resident of this county for ninety-days preceding the filing of this suit."  A suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been: (1) a domiciliary of this State for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90-day period."  TEX. FAM. CODE ANN. § 6.301 (West 2006).  There is no dispute that Nicole, Thomas, and their children had been living on a United States military installation in Germany for several years when Thomas filed for divorce.  However, the Texas Family Code contemplates that time spent by a Texas

domiciliary outside Texas while in the service of the armed forces is considered residence in Texas. *See id.* § 6.303 (West Supp. 2013). Thomas claims Texas as his state of residence, the parties own property in Bexar County, Texas, and the parties resided in Bexar County prior to Thomas's current assignment to Germany. Therefore, the record supports a finding that Thomas is a domiciliary of Bexar County, Texas. Although Thomas was stationed in Germany for a number of years when he filed his divorce petition, because he was in the service of the armed forces at the time, he is considered a domiciliary of Texas under section 6.303. Accordingly, the trial court did not err in denying Nicole's jurisdictional challenge based on her contention that the domiciliary requirements of section 6.301 were not satisfied.[2]

## CONCLUSION

For the reasons stated above, we conclude the trial court did not err in denying Nicole's challenge to service and jurisdiction, and we affirm the trial court's final divorce decree.

Sandee Bryan Marion, Justice

---

[2] For the first time in her reply brief, Nicole also contends the trial court lacked jurisdiction over the children. A reply brief may not be used to raise new issues. *Gamboa v. Gamboa*, 383 S.W.3d 263, 274 (Tex. App.—San Antonio 2012, no pet.); *see also* TEX. R. APP. P. 38.3 (providing appellant may file reply brief addressing any matter in appellee's brief). Therefore, we do not address this argument. *Gamboa*, 383 S.W.3d at 274 (same).